1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAQUES FEARANCE, | 1:08-cv-00615 LJO YNP GSA (PC) |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| L. SCHULTEIS, et al., | |
| Defendants. | (Doc. 1) |
| _____/ | RESPONSE DUE WITHIN THIRTY DAYS |

## Screening Order

### I.    Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Plaintiff's Claims

### A.   Summary of Complaint

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at CSP Lancaster, brings this civil rights action against correctional officials employed by the CDCR at the California Correctional Institution at Tehachapi CCI).  The events that give rise to this lawsuit occurred while Plaintiff was housed at CCI.  Plaintiff names as defendants the following individuals: L. Schulteis, Warden at CCI; Lieutenant S. Hopkins; Sergeant J. Busby; Correctional Officer (C/O) T. C. Davis; C/O Duffy; and Sgt. John Doe.

Plaintiff alleges on August 11, 2005, he was removed from his cell in restraints and placed in a holding cage.  Plaintiff alleges that, while restrained and locked in the holding cage, "all officers" subjected him to verbal abuse.  Plaintiff alleges that Lt. Hopkins "reached into the cage and assaulted me aggressively."  Plaintiff alleges that "at that time they put on gas mask and agreed to pepper spray me with restraints on still and locked up in a holding tank in a dining hall, without posing any threat to staff or anyone. J. Busby sprayed a whole can of O.C. pepper spray emptied all of its contents."  Plaintiff alleges that after he was decontaminated, he was placed in a management cell for three days.  Plaintiff was subject to constant air conditioning, no bunk, no mattress or blanket and no desk.

The court finds that the complaint states a claim for relief on Plaintiff's claim of excessive force as to Defendants Hopkins, Busby, Davis and Duffy.

1    As to Plaintiff's claim regarding his placement in the management cell, "It is undisputed that

2    the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined

3    are subject to scrutiny under the Eighth Amendment." <u>Helling v. McKinney</u>, 509 U.S. 25, 31 (1993).

4    Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and

5    personal safety." <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1107 (9th Cir. 1986).  However, the Ninth

6    Circuit has held that temporary placement of prisoners in "safety cells" - even where the cells are

7    small, dark and scary - does not violate the Eighth Amendment.  <u>Anderson v. County of Kern</u>, 45

8    F.3d 1310, 1313-15 (9th Cir. 1995).  The facts alleged indicate that Plaintiff was temporarily housed

9    in the management cell for three days.  Such a temporary deprivation does not, of itself, constitute

10   deliberate indifference.  Further, the mere allegations of inadequate clothing and exposure to cold

11   are insufficient, as discomfort alone is not sufficient to violate the Eighth Amendment.  <u>Johnson v.</u>

12   <u>Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2006); <u>Keenan v. Hall</u>, 83 F.3d 1083, 1091 (9th Cir. 1996); <u>Walker</u>

13   <u>v. Sumner</u>, 14 F.3d 1415, 1421 (9th Cir. 1994).  Given the time of year - summer - and the climate

14   the prison is located in, there is no basis for inferring that Plaintiff was exposed to temperatures so

15   extreme that without additional clothing, the conditions constituted deliberate indifference.

16   **III.   Conclusion and Order**

17   Plaintiff's complaint states claims under the Eighth Amendment against Defendants Hopkins,

18   Busby, Davis and Duffy for use of excessive physical force.  However, the complaint does not state

19   any other cognizable claims.  The Court will provide Plaintiff with the opportunity to file an

20   amended complaint curing the deficiencies identified by the Court in this order.  <u>Noll v. Carlson</u>, 809

21   F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new,

22   unrelated claims in his amended complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no

23   "buckshot" complaints).

24   If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only

25   on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and

26   the Court will issue a recommendation for dismissal of the other claims and defendants, and will

27   forward Plaintiff nine summonses and nine USM-285 forms for completion and return.  Upon receipt

28   of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  With respect to defendants like Warden Schulteis, "there is no pure *respondeat superior* liability under § 1983, [and] a supervisor [may only be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'"  Id. at 988 (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a.      File an amended complaint curing the deficiencies identified by the Court in this order, or

    b.      Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants  Olmos, Perez, Sanchez, Paz, and Munoz for use of excessive physical force, against Defendant Munoz for the unconstitutional conditions of confinement in cell/// 232, and against Defendants Marquez, Jimenez, Haines, and Talle for denial of medical care; and

3.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to

1    obey a court order.

2

3

4    IT IS SO ORDERED.

5    **Dated:**    **February 12, 2010**            _____/s/ **Gary S. Austin**_____
                                                    UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28