# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAQUES FEARENCE, | 1:08-cv-00615-LJO-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED |
| v. | |
| L. L. SCHULTEIS, et al., | (Doc. 22.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN **THIRTY (30) DAYS** |

## I. BACKGROUND

Jaques Fearence ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 1, 2008. (Doc. 1.) This case now proceeds on Plaintiff's First Amended Complaint, filed on March 1, 2010, against defendants Sergeant J. Busby, Correctional Officer ("C/O") T. C. Davis, C/O Duffy, and Lieutenant S. Hopkins (collectively "Defendants") for use of excessive force in violation of the Eighth Amendment. (Doc. 10.) On December 16, 2011, Defendants filed a motion to dismiss under Rules 12(b) and 12(b)(6), on the grounds that Plaintiff failed to exhaust administrative remedies for the claims against Defendants before filing suit, and failed to state an Eighth Amendment excessive force claim against defendants Davis and Duffy. (Doc. 22.) On

February 15, 2012, Plaintiff filed an opposition to the motion.[1] (Doc. 25.) On February 22, 2012, Defendants filed a reply to Plaintiff's opposition. (Doc. 26.) Defendants' motion to dismiss is now before the Court.

## II.     PLAINTIFF'S ALLEGATIONS

Plaintiff is a state prisoner presently incarcerated at Pelican Bay State Prison in Crescent City, California. The events at issue in this action allegedly occurred at the California Correctional Institution ("CCI") in Tehachapi, California, when Plaintiff was incarcerated there. Plaintiff alleges as follows in the First Amended Complaint.

On August 11, 2005, Plaintiff was removed from his cell with restraints on his ankles and hands, and placed in a holding cage. Defendants Sergeant J. Busby, C/O T. C. Davis, C/O Duffy, and Lieutenant S. Hopkins then subjected him to verbal abuse. Defendant Hopkins reached into the cage and assaulted Plaintiff aggressively. Defendants put on gas masks and agreed to pepper spray Plaintiff, even though Plaintiff did not pose any threat to staff or anyone. Defendant Busby sprayed a whole can of O.C. pepper spray. Defendants Hopkins, Busby, Davis, and Duffy were all involved in the incident. Plaintiff requests unspecified relief.

## III.    MOTION TO DISMISS FOR FAILURE TO EXHAUST

### A.     Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on September 23, 2011, July 9, 2012, and August 23, 2012. Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003); Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998). (Docs. 17, 28, 30.) On August 23, 2012, the Court granted Plaintiff the opportunity to file an amended opposition to Defendants' motion within thirty days, but Plaintiff did not do so. (Doc. 29.)

exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt, 315 F.3d at 1119. The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal.Code Regs., tit. 15 § 3084.1 (2005). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). In 2005, prisoners were required to submit appeals within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c) (2005). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85 (2006); McKinney, 311 F.3d. at 1199-1201.

**B.     Defendants' Motion**

Defendants argue that this action should be dismissed because Plaintiff failed to exhaust the CDCR's administrative appeals process regarding his claims against Defendants. Defendants acknowledge that Plaintiff submitted a prison grievance, log number CCI-05-02644, in September 2005, regarding Defendants' alleged actions of August 11, 2005. (First Amd. Cmp., Doc. 10, Exh. 1.) Defendants also acknowledge that on September 27, 2005, the grievance was denied at the second level of review. (Id.; Declaration of Sampson, Doc. 22-3 ¶¶3-4). However, Defendants

argue that Plaintiff failed to complete the grievance process because he did not submit the appeal to the third level of review until nearly three years later on November 19, 2008, which was untimely. (First Amd. Cmp., Doc. 10, Exh. 1; Declaration of Foston, Doc. 22-2 ¶¶6-8.)

### C.  Plaintiff's Opposition

The Court looks to Plaintiff's opposition filed on February 15, 2012, Plaintiff's Complaint filed on May 1, 2008, and Plaintiff's First Amended Complaint filed on March 1, 2010.[2] Plaintiff declares that he did not complete the appeals process because correctional officers searched his cell and confiscated and lost his appeal before he could send it to the third level of review. (Complaint, Doc. 1 at 2 ¶II.C.)  Plaintiff submits a copy of the appeal, log number CCI-05-02644, dated September 2, 2005, and a copy of the second level response denying the appeal, dated September 27, 2005. (Id. at 5-6, 8-9.)  Plaintiff also submits copies of letters from Plaintiff to the Chief Director of Corrections (dated October 21, 2005; January 21, 2006; April 23, 2006, and May 31, 2007) and Warden Schulteis (dated October 28, 2005; January 31, 2006; and April 27, 2006), requesting assistance in exhausting his appeal to the third level of review. (Id. at 29-35.)  On November 19, 2008, Plaintiff's appeal was screened out at the third level of review, for failure to submit the appeal within 15 working days. (First Amd Cmp, Doc. 10 at 2 ¶II.C, 10.)

In his unverified opposition, asserts that he attempted to file a new appeal, complaining about the cell search, and wrote letters to the Chief Director of Corrections and Warden Schulteis, but he did not receive any response. Plaintiff asserts that he requested an Olson Review and was able to obtain a copy of the appeal from his C-File, after which he sent the appeal to the third level of review. Plaintiff argues that he used due diligence in his attempts to abide by the PLRA, and it was because prison officials confiscated his property and failed to respond to his letters that his administrative remedies were unavailable to him.

///

---

[2] In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Plaintiff signed the Complaint and First Amended Complaint under penalty of perjury. (Doc. 1 at 3; Doc. 10 at 3.)  Therefore, Plaintiff's opposition to the motion to dismiss is based in part on the evidence in his verified complaints and their accompanying exhibits. However, Plaintiff's opposition filed on February 15, 2012 is not verified and therefore does not contain admissible evidence.  (Doc. 25.)

4

*Discussion*

The parties do not disagree that Plaintiff failed to exhaust his remedies at the third level of review with respect to the allegations and claims upon which this action proceeds. However, a third level, or Director's Level, response is not necessary to satisfy the exhaustion requirement and the mere absence of a Director's Level response does not entitle Defendants to dismissal. Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[A] prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level or has been reliably informed by an administrator that no remedies are available"). As discussed above, § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies *as are available* are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The question here is whether Plaintiff exhausted all of the remedies that were made available to him.

Plaintiff's argument that he was prevented by prison officials from submitting his appeal to the third level of review until 2008, despite his due diligence, is unpersuasive. Pursuant to regulations in effect in 2005, Plaintiff was required to submit his appeal to the third level of review within fifteen working days of "the event or decision being appealed, or of receiving an unacceptable lower level appeal decision." Cal.Code Regs., tit. 15 § 3084.6(c) (2005). The response denying Plaintiff's appeal at the second level of review is dated September 27, 2005 and signed by prison officials on October 3, 2005 and October 4, 2005. (Complaint, Doc. 1 at 5-6.) While there is no evidence of the exact date Plaintiff received the lower level decision, Plaintiff's evidence shows that by October 21, 2005, when he wrote to the Chief Director of Corrections, he had received the second level response . (Exhibit to Complaint, Doc. 1 at 29.) In the October 21, 2005 letter, Plaintiff stated that his copy of the response had been confiscated by prison officials during a cell search; he had submitted a new 602 appeal regarding the cell search and "to retrieve [his earlier appeal] back;" and he "never got any responses" to the new 602 appeal because it was "never processed." Id. Plaintiff argues that the six letters he wrote to prison administrators between October 21, 2005 and May 31, 2007 showed due diligence in attempting to complete the appeals process.

Plaintiff's communications to the Warden and the Director of Corrections neither excused his failure to submit an appeal to the third level of review within fifteen days, nor relieved him from proceeding through all the steps in the grievance process. See Woodford, 548 U.S. at 91, 93 (exhaustion under the PLRA requires "compliance with an agency's deadlines and other critical procedural rules"); Wilson v. Wann, No. CIV S-06-1629 GEB KJM P, 2008 WL 4166886, at *2 (E.D.Cal. Sept.8, 2008) (plaintiff's letters to the Office of the Inspector General, Office of Internal Affairs and the Warden were insufficient to show exhaustion). Plaintiff also contends that he was diligent in submitting a new 602 appeal regarding the cell search, in an attempt to get the confiscated copy back, but there is no evidence that Plaintiff followed up on the new appeal, which he claims was never processed. There is no evidence that Plaintiff sent a timely appeal to the Director's Level explaining his situation, or attempted before 2008 to obtain another copy of the appeal from his C-File or the Appeals Coordinator. Plaintiff did not attempt to complete the grievance process until after he had filed this lawsuit. The PLRA requires that prisoners exhaust the "administrative remedies as are *available*" prior to filing suit, and pertinent relief remained available to Plaintiff through submitting an appeal to the Director's Level before the fifteen day deadline expired. Therefore, Plaintiff failed to comply with § 1997e(a), which required him to exhaust his *available* remedies before filing suit, and Defendants are entitled to dismissal of this action.

**IV.     MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendants also argue that the claims against defendants Davis and Duffy should be dismissed based on Plaintiff's failure to state an Eighth Amendment excessive force claim against them.

The Court has found that Plaintiff failed to exhaust the available administrative remedies and that Defendants are entitled to dismissal of the action on this ground. Based on the Court's finding that Plaintiff failed to exhaust his available remedies, the Court does not reach Defendants' other arguments. See Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 534 (7th Cir. 1999) (vacating judgment and remanding with instructions to dismiss for failure to exhaust in case where district court granted summary judgment to defendants on the merits and did not rule on their pending motion for dismissal based on failure to exhaust).

6

## V.  CONCLUSION AND RECOMMENDATION

Defendants have met their burden of demonstrating that Plaintiff failed to exhaust his administrative remedies prior to filing suit, in compliance with § 1997e(a). Defendants have shown evidence that Plaintiff failed to exhaust his remedies by an inmate appeal pursuant to Title 15 of the California Code of Regulations § 3084.1, et seq., concerning Plaintiff's allegations in the complaint against Defendants in this action.  Plaintiff has not shown that he exhausted all the remedies available to him.  Therefore, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, filed on December 16, 2011, be GRANTED, dismissing this action without prejudice.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 5, 2012**                          /s/ **Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE