IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAQUES FEARENCE, | 1:08-cv-00615-LJO-GSA-PC |
| Plaintiff, | ORDER RE FINDINGS AND RECOMMENDATIONS (Doc. 31.) |
| vs. | |
| L. L. SCHULTEIS, et al., | ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST (Doc. 22.) |
| Defendants. | ORDER REFERRING CASE BACK TO MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS |

**I.   BACKGROUND**

Jaques Fearence ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 6, 2012, the Magistrate Judge entered findings and recommendations, recommending that Defendants' motion to dismiss for failure to exhaust remedies, filed on December 16, 2011, be granted, dismissing this action in its entirety. (Doc. 31.) On December 7, 2012, Plaintiff filed objections to the findings and recommendations. (Doc. 33.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court declines to adopt the findings and recommendations.

## II.  MOTION TO DISMISS FOR FAILURE TO EXHAUST

The Magistrate Judge found that Defendants carried their burden in demonstrating that Plaintiff failed to exhaust the remedies available to him, by submitting evidence that Plaintiff failed to file a timely appeal to the third level of review.  Plaintiff argues that prison officials prevented him from complying with the exhaustion process because they confiscated his 602 appeal document during a cell search and would not return it to him.  Plaintiff provides evidence that he attempted to obtain assistance by sending letters to the Director of Corrections and the Warden.  Plaintiff asserts that he also filed a second 602 appeal complaining about the confiscation of his property, but he received no response.  In November 2008, after obtaining a copy of his first 602 appeal form from his Central File, Plaintiff filed an untimely appeal to the third level of review.

The regulations in effect in 2005, when Plaintiff submitted his appeals, required that at the formal levels of review, the appeal be forwarded to the appeals coordinator within fifteen days of the date of the decision being appealed.  15 CCR §§ 3084.2(c), 3084.6 (2005).  The Magistrate Judge found that Plaintiff failed to exhaust the administrative remedies available to him because he sent letters to the Director of Corrections and the Warden instead of submitting an appeal to the third level of review.  The Magistrate Judge is correct that letters to prison officials are insufficient to show exhaustion; however, in this case, Plaintiff's letters to the Director and Warden were not intended to show exhaustion, but rather to show that Plaintiff attempted to obtain assistance when he was prevented from timely submitting his appeal to the third level of review.  Plaintiff did not send the letters instead of submitting the appeal, but because he was unable to submit the appeal.

The regulations in effect also required prison officials to ensure that appeal forms "are readily available to all inmates and parolees." 15 CCR § 3084.1(c) (2005).  The Magistrate Judge found Plaintiff at fault for not requesting a copy of his appeal from his Central File until sometime in 2008.  In this instance, however, it was prison officials who were at fault for failing to return Plaintiff's appeal documents to him so he could properly exhaust his remedies.

The Magistrate Judge also found Plaintiff at fault for not sending an explanation of his dilemma to the Director's Level before his appeal deadline expired.  The Court finds it reasonable that Plaintiff

2

attempted, instead, to obtain his appeal documents so he could comply with the regulations. The regulations in effect provided that "[a]n appeal may be rejected ... if [t]he appeal is incomplete or necessary supporting documents are not attached." 15 CCR § 3084.3(c). It is not unreasonable for Plaintiff to believe that he needed a copy of his 602 appeal form before he could prepare and submit an effective appeal to the third level of review. Further, Plaintiff had no obligation to appeal the Director's Level decision rejecting his November 2008 appeal as untimely. Harvey v. Jordan, 605 F.3d 681, 685-86 (9th Cir. 2010).

Defendants have the burden to prove that further administrative remedies were "available" to the Plaintiff. Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir.2005); see Ngo v. Woodford, 403 F.3d 620, 625 (9th Cir.2005). However, Defendants have not offered any argument or evidence in opposition to Plaintiff's allegations that the grievance process was unavailable to him because prison officials thwarted his efforts to utilize or exhaust the grievance process. Therefore, Defendants in this case have not met their burden.

Based on the foregoing, the Court finds that Plaintiff exhausted his available administrative remedies, and therefore Defendants' motion to dismiss for failure to exhaust must be denied.

### III.    MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Because the Magistrate Judge found that Defendants' motion to dismiss should be granted, the Magistrate Judge did not consider Defendants' motion to dismiss Plaintiff's Eighth Amendment claim against defendants Davis and Duffy for failure to state a claim. By this order, the motion to dismiss for failure to state a claim shall be referred back to the Magistrate Judge for consideration.

### IV.    CONCLUSION

Accordingly, THE COURT HEREBY ORDERS that:

1. The Court declines to adopt the Findings and Recommendations entered by the Magistrate Judge on November 6, 2012;
2. Defendants' motion to dismiss for failure to exhaust administrative remedies, filed on December 16, 2011, is denied; and

///

3. This case is referred back to the Magistrate Judge for consideration of Defendants' motion to dismiss Plaintiff's Eighth Amendment claim against defendants Davis and Duffy for failure to state a claim, filed on December 16, 2011.

IT IS SO ORDERED.

Dated:    **December 19, 2012**                    /s/ Lawrence J. O'Neill
                                                   UNITED STATES DISTRICT JUDGE