1

2

3

4

5

6

7 **UNITED STATES DISTRICT COURT**

8 EASTERN DISTRICT OF CALIFORNIA

9

10 JAQUES FEARENCE,                          1:08-cv-00615-LJO-GSA-PC

11              Plaintiff,                   FINDINGS AND RECOMMENDATIONS,
                                            RECOMMENDING THAT DEFENDANTS'
12     v.                                    MOTION TO DISMISS CLAIMS AGAINST
                                            DEFENDANTS DAVIS AND DUFFY FOR
13 L. L. SCHULTEIS, et al.,                  FAILURE TO STATE A CLAIM BE
                                            GRANTED, WITH LEAVE TO AMEND
14                                           (Doc. 22.)
             Defendants.
15                                           OBJECTIONS, IF ANY, DUE IN **THIRTY (30)**
   _____/            **DAYS**
16

17 **I.      BACKGROUND**

18        Jaques Fearence ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

19 this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this

20 action on May 1, 2008.  (Doc. 1.)  This case now proceeds on Plaintiff's First Amended Complaint,

21 filed on March 1, 2010, against defendants Sergeant J. Busby, Correctional Officer ("C/O") T. C.

22 Davis, C/O Duffy, and Lieutenant S. Hopkins (collectively "Defendants") for use of excessive force

23 in violation of the Eighth Amendment.  (Doc. 10.)

24        On December 16, 2011, Defendants filed a motion to dismiss under Rules 12(b) and 12(b)(6),

25 on the grounds that Plaintiff (1) failed to exhaust administrative remedies for the claims against

26 Defendants before filing suit, and (2) failed to state an Eighth Amendment claim against defendants

27 Davis and Duffy.  (Doc. 22.)  On February 15, 2012, Plaintiff filed an opposition to the motion.

28 (Doc. 25.)  On February 22, 2012, Defendants filed a reply to Plaintiff's opposition.  (Doc. 26.)

1

On December 13, 2012, Defendants' motion to dismiss was resolved in part. (Doc. 35.) The Court denied the motion to dismiss for failure to exhaust, but the motion to dismiss for failure to state a claim was left unresolved. Id. The case was referred back to the Magistrate Judge for consideration of Defendants' motion to dismiss for failure to state a claim. Id.

Defendants' motion to dismiss for failure to state a claim is now before the Court.

## II.   PLAINTIFF'S ALLEGATIONS

Plaintiff is a state prisoner presently incarcerated at Pelican Bay State Prison in Crescent City, California. The events at issue in this action allegedly occurred at the California Correctional Institution ("CCI") in Tehachapi, California, when Plaintiff was incarcerated there. Plaintiff names as defendants CDCR employees Sgt. J. Busby, T. C. Davis, Sgt. John Doe, Duffy, and Lieutenant S. Hopkins. Plaintiff alleges as follows in the First Amended Complaint.

On August 11, 2005, Plaintiff was removed from his cell with restraints on his ankles and hands, and placed in a holding cage. "All Officers" subjected him to verbal abuse. (First Amd Cmp, Doc. 10 at 3 ¶IV.) Lt. Hopkins reached into the cage and assaulted Plaintiff aggressively. They put on gas masks and agreed to pepper spray Plaintiff, who was still in restraints in the holding cage, even though Plaintiff did not pose any threat to staff or anyone. Defendant Busby sprayed a whole can of O.C. pepper spray. Defendants Hopkins, Busby, John Doe, Davis, and Duffy were all involved in the incident. Plaintiff requests unspecified relief.

## III.   EIGHTH AMENDMENT EXCESSIVE FORCE CLAIM

After screening the First Amended Complaint pursuant to 28 U.S.C. § 1915A, the Court found that Plaintiff stated cognizable claims for excessive force against defendants Hopkins, Busby, Davis, and Duffy. (Doc. 15.)

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id.

1   at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force

2   standard examines *de minimis* uses of force, not *de minimis* injuries)).   However, not "every

3   malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9.  "The Eighth

4   Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional

5   recognition *de minimis* uses of physical force, provided that the use of force is not of a sort

6   'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations

7   omitted).

8         "[W]henever prison officials stand accused of using excessive physical force in violation of

9   the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied

10   in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

11   Id. at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper

12   to evaluate the need for application of force, the relationship between that need and the amount of

13   force used, the threat reasonably perceived by the responsible officials, and any efforts made to

14   temper the severity of a forceful response." Id.  (internal quotation marks and citations omitted).

15   "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end

16   it." Id.

17   **IV.**       **MOTION TO DISMISS – RULE 12(b)(6)**

18         **A.**    **Legal Standard**

19         "The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California

20   Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), which must contain "a short and plain

21   statement of the claim showing that the pleader is entitled to relief . . . ," Fed. R. Civ. P. 8(a)(2).

22   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

23   to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937,

24   1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65

25   (2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of

26   misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 679; Moss, 572 F.3d

27   at 969.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a

28   cause of action, supported by mere conclusory statements, do not suffice," Iqbal,  556 U.S. at  678

1  (citing Twombly, 550 U.S. at 555), and courts "are not required to indulge unwarranted inferences,"

2  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and

3  citation omitted).

4      **B.    Defendants' Motion**

5      Defendants argue that the excessive force claims against defendants Davis and Duffy should

6  be dismissed because Plaintiff makes no allegations in the First Amended Complaint that defendants

7  Davis and Duffy used any force against Plaintiff on August 11, 2005, and thus the Complaint fails

8  to establish a causal connection between defendants Davis and Duffy and the excessive force acts

9  alleged.  Defendants also argue that Plaintiff's allegations that defendants Davis and Duffy verbally

10  harassed him fail to state a claim, because verbal harassment and abuse do not implicate the Eighth

11  Amendment.

12      In opposition, Plaintiff alleges that defendants Davis and Duffy were present and participated

13  in the alleged excessive force against Plaintiff.  Plaintiff alleges that Davis and Duffy worked as

14  partners in the same housing unit on August 11, 2005, the date of the incident at issue.

15      Defendants reply that Plaintiff has not demonstrated that he can state an actionable excessive

16  force against Davis and Duffy.

17  **V.    DISCUSSION**

18      The Court has thoroughly examined the First Amended Complaint and finds that Plaintiff

19  fails to specifically allege any acts of force by defendants Davis and Duffy against Plaintiff.  Plaintiff

20  names CDCR employees Lt. S. Hopkins, Sgt. John Doe, J. Busby, T.C. Davis, and D. Duffy as

21  defendants; alleges that "'All Officers' subjected him to verbal abuse," that "they agreed to pepper

22  spray me with restraints on still and locked up in a holding tank in a dining hall, [not] posing any

23  threat to staff or anyone," and that "S. Hopkins, Sgt. John Doe, J. Busby, T.C. Davis, and Mr. Duffy

24  were all involved in that incident."  First Amd Cmp, Doc. 10 at 2-3 ¶¶III, IV.

25      Liberally construed, Plaintiff's allegations in the First Amended Complaint "plausibly

26  suggest an entitlement to relief" against all of the defendants.  Iqbal, 556 U.S. at 681.  However, to

27  state a claim, Plaintiff must demonstrate that each defendant, through his or her own individual

28  actions, violated Plaintiff's constitutional rights.  Id. at 693.  "[E]ach Government official ... is only

1  liable for his or her own misconduct."  Id.

2      In his opposition to the motion to dismiss, Plaintiff alleges that defendants Davis and Duffy

3  participated in the excessive force against Plaintiff.  Therefore, it appears that Plaintiff may be able

4  to state a claim for excessive force against defendants Davis and Duffy.  Plaintiff should be granted

5  leave to file a Second Amended Complaint curing the deficiencies in his claim identified above.

6  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir.2000).   Under Rule 15(a) of the Federal Rules of

7  Civil Procedure, leave to amend 'shall be freely given when justice so requires.'"

8      Accordingly, Defendants' motion to dismiss for failure to state a claim should be granted,

9  with leave to amend.

10 **VI.      CONCLUSION AND RECOMMENDATION**

11     Defendants have demonstrated that Plaintiff's First Amended Complaint fails to state any

12 cognizable claims against defendants Davis and Duffy upon which relief may be granted under

13 § 1983.  Therefore, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss the

14 claims against defendants Davis and Duffy for failure to state a claim should be granted, with leave

15 to amend.

16     These Findings and Recommendations will be submitted to the United States District Court

17 Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1).  Within thirty (30)

18 days after being served with a copy of these Findings and Recommendations, any party may file

19 written objections with the Court and serve a copy on all parties.  Such a document should be

20 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

21 objections shall be served and filed within ten (10) days after service of the objections. The parties

22 are advised that failure to file objections within the specified time may waive the right to appeal the

23 order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

24

25     IT IS SO ORDERED.

26 **Dated:    January 10, 2013**                        **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE

27

28

5