UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAQUES FEARENCE, | ) | 1:08-cv-00615-LJO-GSA-PC |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS, |
| vs. | ) | RECOMMENDING THAT THIS |
| | ) | CASE PROCEED ON THE CLAIMS |
| L. L. SCHULTEIS, et al., | ) | FOUND COGNIZABLE BY THE |
| | ) | COURT IN THE SECOND AMENDED |
| Defendants. | ) | COMPLAINT |
| | ) | (Doc. 44.) |
| | ) | |
| | ) | OBJECTIONS, IF ANY, DUE |
| | ) | IN THIRTY DAYS |
| _____ | ) | |

I.      **BACKGROUND**

        Jaques Fearence ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis
with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint
commencing this action on May 1, 2008.  (Doc. 1.)  The Court screened the Complaint
pursuant to 28 U.S.C. § 1915A and issued an order on February 12, 2010, requiring Plaintiff to
either file an amended complaint or notify the Court of his willingness to proceed on the claims
found cognizable by the Court.  (Doc. 9.)  On March 1, 2010, Plaintiff filed the First Amended
Complaint.  (Doc. 10.)  On September 8, 2011, the Court found that the First Amended
Complaint stated claims against defendants Hopkins, Busby, Davis and Duffy for excessive
force in violation of the Eighth Amendment.  (Doc. 15.)  On September 23, 2011, the Court
directed the United States Marshal to serve process upon the defendants.  (Doc. 17.)

On December 16, 2011, defendants filed a motion to dismiss claims in the First Amended Complaint under Rules 12(b) and 12(b)(6), and on March 8, 2013, the Court granted the motion to dismiss in part, with leave to amend.  (Docs. 22, 43.)  On March 25, 2013, Plaintiff filed the Second Amended Complaint, which is now before the Court for screening. (Doc. 44.)

## II.    SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

## III.   SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is a state prisoner presently incarcerated at Salinas Valley State Prison in Soledad, California.   The events at issue occurred at the California Correctional Institution ("CCI") in Tehachapi, California, when Plaintiff was incarcerated there.   Plaintiff names as defendants Lieutenant S. Hopkins, J. Busby, T.C. Davis, D. Duffy, and John Doe.   Plaintiff's factual allegations follow.

On August 11, 2005, Plaintiff was removed from his cell with restraints on his hands and ankles, and placed in a holding cage.   While restrained and locked in the holding cage, all defendants subjected Plaintiff to verbal abuse and explained to him that they don't give a (expletive) about being sued.

Defendant Lt. S. Hopkins reached into the cage and assaulted Plaintiff aggressively. Then defendants Hopkins, John Doe, Busby, Davis, and Duffy put on gas masks and all agreed to pepper spray Plaintiff, who was still in the cage, wearing restraints, and not posing a threat to anyone.   Defendant Busby sprayed Plaintiff with a whole can of O.C. pepper spray, emptying all of its contents.   Defendants Busby, Hopkins, John Doe, Davis, and Duffy participated, watched, and did not intervene to stop the excessive force from continuing.

The excessive force was not justified at all, and Plaintiff did nothing wrong.   Plaintiff suffers from blurred vision and sensitivity to the sunlight when exposed to the sun.

Plaintiff requests monetary damages, declaratory relief, injunctive relief, and costs of suit.

## IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.   "Section 1983 . . .   creates a cause of action for violations of the federal Constitution and laws."   Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

A.    <u>Excessive Force – Eighth Amendment</u>

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." <u>Id.</u> (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  <u>Id.</u> at 9; <u>see also</u> <u>Oliver v. Keller</u>, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines <i>de minimis</i> uses of force, not <i>de minimis</i> injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." <u>Id.</u> at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition <i>de minimis</i> uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." <u>Id.</u> at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Id.</u> at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." <u>Id.</u> (internal quotation marks and citations omitted).  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." <u>Id.</u>

The Court finds that Plaintiff states cognizable claims against defendants Hopkins and Busby for use of excessive force in violation of the Eighth Amendment, and that Plaintiff does not state a claim for excessive force against any other defendant.

///

///

4

**B.** <u>**Conspiracy**</u>

In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." <u>Buckey v. County of Los Angeles</u>, 968 F.2d 791, 794 (9th Cir. 1992); <u>Karim-Panahi v. Los Angeles Police Department</u>, 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy.  <u>Sykes v. State of California</u>, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" <u>Franklin v. Fox</u>, 312 F.3d 423, 441 (9th Cir. 2001) (quoting <u>United Steel Workers of Am. v. Phelps Dodge Corp.</u>, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, <u>Hart v. Parks</u>, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting <u>Woodrum v. Woodward County, Oklahoma</u>, 866 F.2d 1121, 1126 (9th Cir. 1989)).  "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'"  <u>Franklin</u>, 312 F.3d at 441 (quoting <u>United Steel Workers</u>, 865 F.2d at 1541).

The Court finds that Plaintiff states cognizable claims against defendants Hopkins, Busby, John Doe, Davis, and Duffy for conspiracy to use excessive force against Plaintiff.

**C.** <u>**Failure to Protect**</u>

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994); <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1250-51 (9th Cir. 1982).  To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety."  <u>Farmer</u>, at 834.  The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health ... .'"  <u>Farmer</u>, 511 U.S. at 843 (citing <u>Helling v. McKinney</u>, 509 U.S. 25, 35 (1993)).  The Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of

causing harm or with the knowledge that harm will result." <u>Farmer</u>, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." <u>Id.</u> at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." <u>Id.</u> at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." <u>Id.</u> at 837; <u>Anderson v. County of Kern</u>, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. <u>Farmer</u>, 511 U.S. at 842; <u>Wallis v. Baldwin</u>, 70 F.3d 1074, 1077 (9th Cir. 1995). An officer can be held liable for failing to intercede only if he had a "realistic  opportunity" to intercede. <u>Cunningham v. Gates</u>, 229 F.3d 1271, 1289 (9th Cir. 2000); <u>Robins v. Meecham</u>, 60 F.3d 1436, 1442 (9th Cir. 1995).

In light of Plaintiff's cognizable claims, discussed above, against defendants Hopkins, Busby, John Doe, Davis, and Duffy for conspiracy to use excessive force against him, with defendant Busby then proceeding to use excessive force against Plaintiff, the Court finds that Plaintiff also states cognizable claims against defendants Hopkins, John Doe, Davis, and Duffy for failing to protect him from excessive force, in violation of the Eighth Amendment.

**D.    Verbal Harassment**

Mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987). Also, threats do not rise to the level of a constitutional violation. <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987). Therefore, the Court finds that Plaintiff fails to state a cognizable claim against any of the Defendants for verbal harassment.

**E.    Doe Defendants**

Plaintiff names a Doe defendant in this action. Unidentified, or "John Doe" defendants must be named or otherwise identified before service can go forward. "As a general rule, the

6

use of 'John Doe' to identify a defendant is not favored." <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe. For service to be successful, the Marshal must be able to identify and locate defendants.

### F.    Declaratory/Injunctive Relief

Plaintiff requests monetary, declaratory, and injunctive relief. With regard to declaratory relief, "[a] declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." <u>Eccles v. Peoples Bank of Lakewood Village</u>, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." <u>United States v. Washington</u>, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. A declaration that defendant violated Plaintiff's rights is unnecessary.

Plaintiff requests injunctive relief via a court order requiring defendants to expunge all references to a disciplinary charge against him. The court cannot award this form of relief. Any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. 18 U.S.C. §3626(a)(1)(A).

The injunction requested by Plaintiff would not remedy the past violation of Plaintiff's constitutional rights in this action and therefore is not narrowly drawn to correct the alleged past violations.

For the foregoing reasons, the Court finds that this action is a damages action only.

**V.     CONCLUSION AND RECOMMENDATIONS**

      For the reasons set forth above, the Court finds that Plaintiff states cognizable claims in the Second Amended Complaint against defendants Hopkins and Busby for use of excessive force; against defendants Hopkins, Davis, Duffy, and John Doe for failure to protect Plaintiff; and against defendants Hopkins, Busby, Davis, Duffy, and John Doe for conspiracy to use excessive force against Plaintiff.  However, the Court finds that Plaintiff fails to state any other claims upon which relief may be granted under § 1983.

      In this action, the Court previously granted Plaintiff two opportunities to amend the complaint, with guidance by the Court.   Plaintiff has now filed three complaints, and based on the facts set forth in the Second Amended Complaint, the Court finds that further leave to amend is not warranted.  28 U.S.C. § 1915(e)(2)(B)(ii); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

      Accordingly, Plaintiff should be allowed to proceed with the Second Amended Complaint filed on March 25, 2013, on the claims found cognizable by the Court.

      Based on the foregoing, IT IS HEREBY RECOMMENDED that:

      1.     This action proceed on the claims found cognizable by the Court in Plaintiff's Second Amended Complaint filed on March 25, 2013, against defendants Hopkins and Busby for use of excessive force; against defendants Hopkins, Davis, Duffy, and John Doe for failure to protect Plaintiff; and against defendants Hopkins, Busby, Davis, Duffy, and John Doe for conspiracy to use excessive force against Plaintiff;

      2.     All other claims be dismissed from this action; and

      3.     Defendants be required to file an Answer to the Second Amended Complaint.

IT IS SO ORDERED.

Dated:  __April 1, 2013__                              _____ /s/ Gary S. Austin
                                       UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28