UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAQUES FEARENCE,<br><br>          Plaintiff,<br><br>     vs.<br><br>L. L. SCHULTEIS, et al.,<br><br>          Defendants. | 1:08-cv-00615-LJO-GSA-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND (Doc. 57.)<br><br>THIRTY DAY DEADLINE TO FILE A THIRD AMENDED COMPLAINT AS INSTRUCTED BY THIS ORDER |

**I.     BACKGROUND**

Jaques Fearence ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 1, 2008. (Doc. 1.) This case now proceeds on the Second Amended Complaint filed on March 25, 2013, against defendants Hopkins and Busby for use of excessive force; against defendants Hopkins, Davis, Duffy, and John Doe for failure to protect Plaintiff; and against defendants Hopkins, Busby, Davis, Duffy, and John Doe for conspiracy to use excessive force against Plaintiff, for damages only.[1] (Doc. 44.) This case is presently in the discovery phase.

On October 3, 2013, Plaintiff filed a motion for leave to amend the complaint. (Doc. 57.) Defendants have not filed an opposition.

---

[1] On June 26, 2013, the court dismissed all other claims from this action based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983. (Doc. 48.)

1

## II.     RULE 15(a) - LEAVE TO AMEND

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Id. Here, because Plaintiff has already amended the complaint twice, Plaintiff requires leave of court to file a Third Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

### A.     Plaintiff's Motion

Plaintiff seeks to amend the complaint to identify the John Doe Defendant in this action. Plaintiff asserts that since the filing of the complaint, he has determined that the name of the John Doe Defendant is J. M. Beckett, a correctional sergeant at the California Correctional Institution in Tehachapi, California.

### B.     Discussion

Plaintiff has previously amended the complaint and therefore requires leave of court to file a Third Amended Complaint. The court finds no evidence of prejudice, bad faith, undue delay in the litigation, or futility in allowing Plaintiff to amend the complaint for the purpose of identifying the John Doe Defendant. Defendants have not opposed the motion. Therefore, Plaintiff's motion to amend shall be granted.

///

///

### III. CONCLUSION AND ORDER

Plaintiff shall be granted leave to file a Third Amended Complaint within thirty days, to identify the John Doe Defendant in this action.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 676; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77. Plaintiff must set forth "sufficient factual matter ... to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of her rights. Jones, 297 F.3d at 934 (emphasis added). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level ...." Twombly, 550 U.S. at 554 (citations omitted).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new allegations or claims. Plaintiff is granted leave to amend the complaint for the sole purpose of identifying the John Doe Defendant.

Plaintiff is reminded that an amended complaint supercedes the [prior] complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend, filed on October 3, 2013, is GRANTED;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Third Amended Complaint, as instructed by this order;

4. Plaintiff shall caption the amended complaint "Third Amended Complaint" and refer to the case number 1:08-cv-00615-LJO-GSA-PC;

5. Plaintiff may not add any new allegations or claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

6. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated: **November 8, 2013**              **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE