UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAQUES FEARENCE,<br><br>         Plaintiff,<br><br>    vs.<br><br>L. L. SCHULTEIS, et al.,<br><br>         Defendants. | 1:08-cv-00615-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S SECOND REQUEST FOR ISSUANCE OF SUBPOENA, WITHOUT PREJUDICE<br>(Doc. 80.) |

**I.    BACKGROUND**

Jaques Fearence ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds on the Third Amended Complaint filed by Plaintiff on November 22, 2013, against defendants Hopkins and Busby for use of excessive force; against defendants Hopkins, Davis, Duffy, and Beckett for failure to protect Plaintiff; and against defendants Hopkins, Busby, Davis, Duffy, and Beckett for conspiracy to use excessive force.  (Doc. 64.)

This case is currently in the discovery phase, pursuant to the court's scheduling order issued on February 19, 2014. (Doc. 74.) On March 24, 2014, Plaintiff filed a request for the issuance of a subpoena. (Doc. 80.)

**II.     PLAINTIFF'S REQUEST**

Plaintiff requests the issuance of a subpoena duces tecum commanding non-party Timothy H. Delgado, counsel for Defendants, to provide the following documents and information:

-- Any designated documents or electronically stored information including writings, drawings, graphs, charts, photographs, sound and video recordings, images, and other data compilations in regards to Plaintiff's cell extraction 8-11-05; and

-- Any and all policies, directives, or instructions to staff concerning the use of force with MK-9 foggers OC pepper spray, in year 2005. (Doc. 80.)

**Discussion**

This is Plaintiff's second request for the issuance of a subpoena duces tecum. Plaintiff's first request, filed on March 3, 2014, was denied by the court on March 6, 2014, without prejudice to renewal of the request. (Docs. 76, 77.) Plaintiff was advised in the court's order that "[i]f Plaintiff wishes to make another request for the issuance of a records subpoena, he may file a motion requesting the issuance of a subpoena duces tecum that (1) identifies with specificity the documents sought and from whom, and (2) makes a showing in the motion that the records are only obtainable through that third party." (Id. at 2:13-16.) Plaintiff was also advised in the court's order that "the Court will consider granting such a request *only if* the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendants through a request for production of documents [or from] Plaintiff's central file at the prison, to which he is entitled to access." (Id. at 2:8-12.)

Plaintiff has not complied with the court's order of March 6, 2014. Plaintiff's second request for the issuance of a subpoena does not include a motion which makes a showing that the records he seeks are only obtainable through Defendants' counsel, not equally available to

...

Plaintiff, not obtainable from Defendants through a request for production of documents,[1] and not obtainable from Plaintiff's central file at the prison. Therefore, Plaintiff's second request shall be denied. Plaintiff shall be granted leave to file another request in compliance with this order and the court's order of March 6, 2014, if he so wishes.

### III. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's second request for the issuance of a subpoena, filed on March 24, 2014 is DENIED, without prejudice; and
2. Plaintiff is granted leave to file another request for the issuance of a subpoena duces tecum if he so wishes, in compliance with this order and the court's order of March 6, 2014.

IT IS SO ORDERED.

Dated:   **March 31, 2014**                    **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff should refer to Rule 34 of the Federal Rules of Civil Procedure for guidance about requests for production of documents. A request for production of documents should be addressed to a particular party, such as one of the Defendants. Plaintiff may only request documents "which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1).