UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAQUES FEARENCE,<br><br>    Plaintiff,<br><br>    vs.<br><br>L. L. SCHULTEIS, et al.,<br><br>    Defendants. | 1:08-cv-00615-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S THIRD REQUEST FOR ISSUANCE OF SUBPOENA<br>(Doc. 82.) |

**I.    BACKGROUND**

Jaques Fearence ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds on the Third Amended Complaint filed by Plaintiff on November 22, 2013, against defendants Hopkins and Busby for use of excessive force; against defendants Hopkins, Davis, Duffy, and Beckett for failure to protect Plaintiff; and against defendants Hopkins, Busby, Davis, Duffy, and Beckett for conspiracy to use excessive force.  (Doc. 64.)

This case is currently in the discovery phase, pursuant to the court's scheduling order issued on February 19, 2014.  (Doc. 74.)

On April 14, 2014, Plaintiff filed a request for the issuance of a subpoena, which is now before the court.  (Doc. 82.)

## II. PLAINTIFF'S THIRD REQUEST

Plaintiff requests the issuance of a subpoena duces tecum commanding "L. L. Shulteis, et, al... & Defendants & Attorney" to produce the following materials at the California Correctional Institution ("CCI") before October 2014:

-- Any designated documents or electronically stored information including writings, drawings, graphs, charts, photographs, sound and video recordings, images, and other data complications (*sic*) in regards to Plaintiff's cell extraction on 8-11-05; and

-- Any and all policies, directives, or instructions to staff concerning the use of force with MK-9 foggers OC pepper spray, in year 2005.  (Doc. 82 at 6.)

Plaintiff declares that the requested records are "not equally available to me and [] not obtainable from Defendants through a Request for Production of Documents, nor from my central file."  (Id. at 2 ¶1.)  Plaintiff also declares that "[t]he documents and other relevant material requested [are] kept and filed away at CCI unavailable to me and the Defendants."  (Id. at 2 ¶1.)  Plaintiff refers the court to his Exhibit A as evidence.

### Discussion

This is Plaintiff's third request for the issuance of a subpoena duces tecum.  Plaintiff's first request, filed on March 3, 2014, was denied by the court on March 6, 2014, without prejudice to renewal of the request.  (Docs. 76, 77.)  Plaintiff was advised in the court's order that "[i]f Plaintiff wishes to make another request for the issuance of a records subpoena he may file a motion requesting the issuance of a subpoena duces tecum that (1) identifies with specificity the documents sought and from whom, and (2) makes a showing in the motion that the records are only obtainable through that third party."  (Id. at 2:13-16.)  Plaintiff was also advised in the court's order that "the Court will consider granting such a request *only if* the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendants through a request for production of documents [or from] Plaintiff's central file at the prison, to which he is entitled to access."  (Id. at 2:8-12.)

///

Plaintiff's second request, filed on March 24, 2014, was denied by the court on March 31, 2014, without prejudice, because Plaintiff failed to comply with the March 6, 2014 order. (Docs. 80, 81.) Plaintiff failed to show that the records he seeks are only obtainable through Defendants' counsel, not equally available to Plaintiff, not obtainable from Defendants through a request for production of documents, and not obtainable from Plaintiff's central file at the prison. (Id. at 2:26-3:2.) Plaintiff was granted leave to file "another request in compliance with [the March 31, 2014 order] and the court's order of March 6, 2014." (Id. at 3:II-2.)

Plaintiff's third request contains exhibits consisting of Defendants' (Busby, Davis, Hopkins, and Duffy) Responses to Plaintiff's Interrogatories and Request for Production of Documents, Set One. (Doc. 82, Exh. A.) The court has reviewed the exhibits and finds no evidence supporting Plaintiff's contentions that the materials he seeks are kept at CCI or are obtainable through issuance of a subpoena. It appears to the court that Plaintiff has already requested and received the relevant materials available through his Request for Production of Documents.

Plaintiff seeks documents and other materials concerning the August 11, 2005 incident at issue in this action. In response to Plaintiff's Request for Production of Documents, Defendants have already provided Plaintiff with (1) a list from the personnel assignment sergeant at CCI of individuals assigned to work in Building six, seven, and eight of 4A-yard during second and third watch on August 11, 2005 (Doc. 82 at 68-69); (2) Incident Report log# CCI-IVA-05-08-333 concerning the August 11, 2005 incident at issue (Id. at 71-82); and (3) Plaintiff's staff complaint log# CCI-0-05-02644, concerning the August 11, 2005 incident at issue (Id. at 84-89).

Plaintiff also requested from Defendants, in his Request for Production of Documents, "[a]ny and all policies, directives, or instructions to staff concerning the use of MK-9 Foggers OC pepper spray or other chemical agents by Tehachapi staff," (Interrogatory[1] No. 7, Doc. 82 at 12, 23, 35, 47), and "[a]ny and all policies, directives, or instructions to staff concerning the

---

[1] All of Plaintiff's discovery requests in his combined Interrogatories/Request for Production of Documents, Set One, are titled as Interrogatories.

use of force by Tehachapi staff," (Interrogatory No. 8, Doc. 82 at 12-13, 23, 35, 47), and each of the Defendants responded that they "requested the relevant documents from CCI, but they could not find any from the relevant time period [and i]f any documents are found, I will supplement my response." (Responses to Interrogatories No. 7 & 8, Doc. 82 at 12-13, 23-24, 35-36, 47-48.) Plaintiff also requested a list of "all Correctional Sgt.'s names that worked on the date of the incident second and third watch 8-11-05 at Tehachapi 4A Yard Ad-Seg in Buildings Six, Seven, and Eighth, and list all Correctional Sgt.'s names who decontaminated plaintiff after he was exposed to the OC pepper spray (Interrogatory No. 21, Doc. 82 at 16-17, 27-28, 40-41, 51-52.), and each of the Defendants responded that they "requested a copy of the administrative segregation logbook for the relevant time period from CCI, but due to the age of the requested information, they were unable to find a copy of the logbook [and i]f any responsive documents are found, I will supplement my response." (Responses to Interrogatory No. 21, Doc. 82 at 17, 28, 40, 52.) The court finds Defendants' responses to these requests to be sufficient. Defendants cannot produce documents that do not exist or cannot be found.

Plaintiff has not specified which documents and materials he expects to obtain through a subpoena that he has not already requested and received through his Request for Production of Documents. The court will not issue a subpoena directed to L.L. Schulteis, Warden of CCI, that duplicates requests for materials already provided to Plaintiff by Defendants, or found to be unavailable at CCI. Therefore, Plaintiff's third request for issuance of a subpoena shall be denied.

### III. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's third request for the issuance of a subpoena, filed on April 14, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   **April 24, 2014**            **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE