UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAQUES FEARENCE,<br><br>          Plaintiff,<br><br>     vs.<br><br>L. L. SCHULTEIS, et al.,<br><br>          Defendants. | 1:08-cv-00615-LJO-GSA-PC<br><br>ORDER DENYING PITCHESS MOTION<br>(Doc. 86.) |

**I.      BACKGROUND**

Jaques Fearence ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds on the Third Amended Complaint filed by Plaintiff on November 22, 2013, against defendants Hopkins and Busby for use of excessive force; against defendants Hopkins, Davis, Duffy, and Beckett for failure to protect Plaintiff; and against defendants Hopkins, Busby, Davis, Duffy, and Beckett for conspiracy to use excessive force (collectively, "Defendants").  (Doc. 64.)

This case is currently in the discovery phase, pursuant to the Court's amended scheduling order issued on May 8, 2014.  (Doc. 85.)  On August 27, 2014, Plaintiff filed a Pitchess motion.  (Doc. 86.)

## II. PITCHESS MOTION

Plaintiff has filed a Pitchess motion pursuant to Evidence Code § 1043 and Penal Code § 832.5, "so he can properly utilize his discovery tools." (Doc. 86 at 1:23-24.) In Pitchess v. Superior Court, 522 P.2d 897 (Cal.1974), the California Supreme Court held that a criminal defendant is entitled to a law enforcement officer's personnel records if the defendant can show the records are necessary character evidence. Under California law, motions for discovery of police personnel files are generally referred to as Pitchess motions.

A Pitchess motion "may be appropriate only if brought by a defendant in the context of a state criminal trial, not by a plaintiff in a federal civil rights action." Turner v. Spence, No. CIV S 07–0022 GGH P, 2008 WL 927709, at *9 (E.D.Cal. Apr.4, 2008) (citations omitted). Plaintiff's Pitchess motion will be "denied because it is misplaced in this federal civil action." Williams v. Adams, No. 1:05–cv–00124–AWI–SMS PC, 2009 WL 1220311, at *8 (E.D.Cal. May 4, 2009).

The Court advises Plaintiff that the proper mechanism for compelling discovery responses from Defendants is a motion to compel.[1] The motion presently before the Court cannot be construed as a motion to compel. Plaintiff does not clearly describe his attempts to obtain the relevant documents directly from Defendants through a proper discovery request and does not present any arguments that demonstrate how Defendants' objections to Plaintiff's requests were unjustified. Plaintiff's motion is supported by nothing more than his request that the motion be granted "in the name of justice." (Doc. 86 at 1:23.)

Plaintiff is advised that discovery is generally a self-executing process. Plaintiff does not make discovery requests through the Court. Local Rules 250.2(c), 250.3(c), and 250.4(c). Plaintiff must directly serve Defendants with discovery requests, such as document production requests that request relevant documents contained in Defendants' personnel files. Federal

---

[1] By contrast, a Pitchess motion is a device by which a California criminal defendant may seek disclosure of a peace officer's personnel records. See City of Santa Cruz v. Municipal Court, 49 Cal.3d 74, 81–82, 260 Cal.Rptr. 520, 776 P.2d 222 (1989); Pitchess, 11 Cal.3d at 537. The basis for the motion has been codified into California Penal Code §§ 832.7, 832.8 and California Evidence Code §§ 1043–1045.

Rules of Civil Procedure 26, 34. Defendants are then required to respond to Plaintiff's discovery request by furnishing the requested documents or by raising objections to Plaintiff's requests. Federal Rule of Civil Procedure 34(b)(2).

If the parties are unable to resolve the discovery disputes, Plaintiff may file a motion to compel. Federal Rule of Civil Procedure 37(a). Plaintiff is cautioned that filing a motion to compel that is not substantially justified may result in an order requiring Plaintiff to pay Defendants for the reasonable expenses incurred in opposing Plaintiff's motion, including attorney's fees. Federal Rule of Civil Procedure 37(a)(5)(B).

If Plaintiff chooses to file a motion to compel, Plaintiff is advised that such motion must individually address each request made by Plaintiff. Plaintiff may not file a motion to compel that generally and vaguely argues that all of Defendants' responses are unjustified. Plaintiff must address each request individually by reciting the original request made by Plaintiff and reciting the response or objections raised by the Defendants to that request. For each request and response being challenged, Plaintiff must present persuasive arguments that demonstrate how each objection made by Defendants is not justified. Plaintiff must also attach a copy of his original discovery requests and a copy of Defendants' responses to his motion to compel.

### III. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's Pitchess Motion, filed on August 27, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   **August 28, 2014**                     **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE