UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAQUES FEARENCE,<br><br>        Plaintiff,<br><br>   vs.<br><br>L. L. SHULTEIS, et al.,<br><br>        Defendants. | 1:08-cv-00615-LJO-GSA-PC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER<br>(Doc. 93.)<br><br>ORDER EXTENDING DISPOSITIVE MOTIONS DEADLINE FOR ALL PARTIES TO THIS ACTION<br><br>New dispositive motions deadline:<br>**March 30, 2015** |

**I.     BACKGROUND**

Jaques Fearence ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on May 1, 2008.  (Doc. 1.)  This case now proceeds on the Third Amended Complaint filed on November 22, 2013, against defendants Hopkins and Busby for use of excessive force; against defendants Hopkins, Davis, Duffy, and Beckett for failure to protect Plaintiff; and against defendants Hopkins, Busby, Davis, Duffy, and Beckett for conspiracy to use excessive force (collectively, "Defendants").  (Doc. 64.)

On March 19, 2015, Defendants filed a motion to modify the court's scheduling order for this action, to extend the deadline for the parties to file pretrial dispositive motions. (Doc. 93.)

## II. MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. <u>Id.</u> The court may also consider the prejudice to the party opposing the modification. <u>Id.</u> If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. <u>Zivkovic v. Southern California Edison, Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendants request a ten-day extension of the March 19, 2015 dispositive motions deadline established by the court's amended scheduling order of May 8, 2014. (Doc. 85.) Defendants assert that the parties have engaged in settlement discussions in the last several months and had agreed to set this case for mediation. (Delgado Decl., Doc. 93-1 ¶¶4, 5.) Defendants held off preparing their motion for summary judgment in the belief that this case would be set for a settlement conference this Spring, and that the proceedings would be stayed in the interim. Recently, the parties' settlement positions changed, and the parties called off the pending settlement conference. (<u>Id.</u> ¶6.) Defendants provide evidence that they spoke to Plaintiff, and Plaintiff does not oppose Defendants' motion. (<u>Id.</u>) Based on the foregoing, Defendants seek an extension of the deadline to file dispositive motions.

The Court finds good cause to extend the dispositive motions deadline in this action for all parties until March 30, 2015. Thus, Defendants' motion to modify the court's scheduling order shall be granted.

///

///

**III.     CONCLUSION**

Accordingly, good cause having been presented to the court and GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the court's scheduling order, filed on March 19, 2015, is GRANTED;
2. The deadline for the filing and serving of pretrial dispositive motions is extended from March 19, 2015 to **March 30, 2015** for all parties to this action; and
3. All other provisions of the court's May 8, 2014 amended scheduling order remain the same.

IT IS SO ORDERED.

Dated:   **March 20, 2015**                    /s/ Gary S. Austin
                                                            UNITED STATES MAGISTRATE JUDGE