UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JAQUES FEARENCE, | 1:08-cv-00615-LJO-GSA-PC |
|---|---|
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS |
| vs. | (Doc. 88.) |
| L. L. SHULTEIS, et al., | |
| Defendants. | |

## I. BACKGROUND

Jaques Fearence ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 1, 2008. (Doc. 1.) This case now proceeds on the Third Amended Complaint filed on November 22, 2013, against defendants Hopkins and Busby for use of excessive force; against defendants Hopkins, Davis, Duffy, and Beckett for failure to protect Plaintiff; and against defendants Hopkins, Busby, Davis, Duffy, and Beckett for conspiracy to use excessive force (collectively, "Defendants"). (Doc. 64.) On May 8, 2014, the court issued an Amended Scheduling Order which extended the deadline for completion of discovery, including the filing of motions to compel, to January 8, 2015. (Doc. 85.)

On September 8, 2014, Plaintiff filed a motion to compel and for sanctions. (Doc. 88.) On October 9, 2014, Defendants filed an opposition. (Doc. 91.) Plaintiff has not filed a reply. Plaintiff's motion to compel and for sanctions is now before the court.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff is a state prisoner presently incarcerated at California State Prison-Los Angeles County in Lancaster, California. The events at issue occurred at the California Correctional Institution ("CCI") in Tehachapi, California, when Plaintiff was incarcerated there. Plaintiff names as defendants Lieutenant S. Hopkins, J. Busby, T. C. Davis, D. Duffy, and Sergeant J. M. Beckett. Plaintiff's factual allegations follow:

On August 11, 2005, Plaintiff was removed from his cell with restraints on his hands and ankles, and placed in a holding cage. While restrained and locked in the holding cage, all defendants subjected Plaintiff to verbal abuse and explained to him that they don't give a (expletive) about being sued.

Defendant Lt. S. Hopkins reached into the cage and assaulted Plaintiff aggressively. Then defendants Hopkins, Beckett, Busby, Davis, and Duffy put on gas masks and all agreed to pepper spray Plaintiff, who was still in the cage, wearing restraints, and not posing a threat to anyone. Defendant Busby sprayed Plaintiff with a whole can of O.C. pepper spray, emptying all of its contents. Defendants Busby, Hopkins, Beckett, Davis, and Duffy participated, watched, and did not intervene to stop the excessive force from continuing.

The excessive force was not justified at all, and Plaintiff did nothing wrong. Plaintiff suffers from blurred vision and sensitivity to the sunlight when exposed to the sun.

Plaintiff requests monetary damages, declaratory relief, injunctive relief, and costs of suit.

## III. APPLICABLE LEGAL STANDARDS

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

With respect to requests for production, a party may propound requests for production of documents that are within the scope of Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 34(a). With respect to interrogatories, a party may propound interrogatories related to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 33(a)(2). With respect to requests for admission, a party may propound requests for admission of the "truth of any matters within the scope of Rule 26(b)(1) relating to (A) facts, the application of law to fact, or the opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3) (B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S–10–2892 GGH P., 2012 WL 113799, at *1 (E.D.Cal. Jan. 13, 2012); Ellis v. Cambra, No. 1:02–cv–05646–AWI–SMS (PC), 2008 WL 860523, at *4 (E.D.Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, No. CIV S–11–1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D.Cal. Dec. 21, 2011).

## IV.     PLAINTIFF'S MOTION TO COMPEL

Plaintiff requests the court to deem admitted Defendants' deficient Responses to his Request for Admissions, Set Two, and to deem Defendants' deficient Responses to his Interrogatories/Requests for Production of Documents, Set One, a "failure to respond."

The responses at issue include the following:

Request for Admissions, Second Set

    Defendant Hopkins - Nos. 1, 2, 4, 5, and 6

    Defendant Busby - Nos. 1, 2, and 5

    Defendant Davis - Nos. 1, 2, and 5

    Defendant Duffy – Nos. 1, 2, 4, 5, and 6

    Defendant Beckett - Nos. 1, 2, 4, 5, and 6.

Interrogatories/Requests for Production, First Set

    Defendant Hopkins - Nos. 6, 7, 8, 18, 23, 24, and 25

    Defendant Busby - Nos. 7, 8, 18, 21, 23, 24, and 25

    Defendant Davis - Nos. 7, 8, 18, 23, 24, and 25

    Defendant Duffy - Nos. 7, 8, 18, 23, 24, and 25

    Defendant Beckett - Nos. 6, 7, 8, 9, 18, 22, 23, 24, and 25.

**A.**   **Request for Admissions, Set Two**

Plaintiff has not met his burden of informing the court why each disputed response to his Request for Admissions, Set Two, is deficient. Plaintiff addresses <u>all</u> of the twenty-one disputed responses together, merely stating that "Defendants responded that they lack sufficient information and belief to admit or deny Plaintiff's requested admissions," and "Defendants did not state they have made reasonable inquiry and still do not have sufficient information to enable them to admit or deny." (Motion, Doc. 88 at 6:9-11, 14-16.) This is not sufficient to meet Plaintiff's burden.

Moreover, Plaintiff's description of Defendants' Responses is inaccurate. The court has reviewed the Responses and finds that Defendants made varied responses, addressing each of Plaintiff's Requests individually, and most of the Responses did not claim that Defendants had insufficient information. Plaintiff asserts that evidence on the 602 form attached to his complaint "suggest[s] Defendants, in fact had sufficient information to properly respond to Plaintiff's requested Admissions and failed to do so." (Motion at 6:18-22.) This vague assertion, without more, is inadequate to support Plaintiff's argument. Therefore, Plaintiff's

motion to deem Defendants' deficient Responses to the Request for Admissions admitted shall be denied.

### B. Interrogatories/Requests for Production, Set One

#### 1. Interrogatory/Request for Production No. 6

Plaintiff individually addresses Interrogatory/Request for Production No. 6, propounded to defendants Beckett and Hopkins, to which defendants Beckett and Hopkins each made an identical response, as follows:

> INTERROGATORY/REQUEST FOR PRODUCTION NO. 6 (Beckett, Hopkins):
>
> Any and all grievances, complaints, or other documents received by prison staff at Tehachapi concerning the mistreatment of inmates by all defendants and any memoranda, investigative files, or other documents created in response to such complaints, since August 11, 2005.
>
> RESPONSE TO INTERROGATORY/REQUEST FOR PRODUCTION NO. 6 (Beckett, Hopkins):
>
> Responding Party objects to this request on the grounds that it is overly broad, burdensome, not relevant to any claims or defenses in this lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence. The only incident at issue in this lawsuit is the one that occurred on August 11, 2005, and thus, any grievances filed against defendants by other inmates are irrelevant to this incident. Based on these objections, Responding Party refuses to respond to this request.

### Discussion

Plaintiff argues that the documents requested in Interrogatory/Request for Production No. 6 are relevant because they concern mistreatment of inmates by the Defendants to this action. Plaintiff considers Defendants' response a "refus[al] to respond." (Motion at 9:2.) Plaintiff argues that he does not seek personnel records per se, but documents pertaining to complaints and allegations about Defendants, "whether or not they are part of 'Personnel Records.'" (Id. at 9:10.) Plaintiff argues that such documents are highly relevant to his supervisory liability claim against the Warden and Deputy Warden, and may also support his claims against the officers. Plaintiff argues that such evidence may also be admissible for other purposes, such as proof of motive, opportunity, intent preparation, plan knowledge, identity, or absence of mistake of accident.

Defendants argue that aside from the broad restriction on time (9 years), this request is essentially unlimited in scope. Defendants also argue that Plaintiff has not shown how or why their objections are insufficient or inadequate.

**Ruling**

The court concurs with Defendants that Interrogatory/Request for Production No. 6 is overly broad and burdensome. It is unclear whether the time period beginning on August 11, 2005 applies to all of the documents requested here, or only to the "memoranda, investigative files, or other documents. . ." Either way, it is overly burdensome to require Defendants to search for all such documents received by prison staff at Tehachapi since August 11, 2005. Therefore, Plaintiff's motion for the court to deem Defendants' Responses a "failure to respond" shall be denied.

### 2. *Plaintiff's Other Interrogatories/Requests for Production*

Plaintiff's argument against Defendants' Responses to the other Interrogatories/Requests for Production at issue consists only of his statement that "Defendants' Responses to Plaintiff's Interrogatories is (*sic*) in violation of Fed. R. Civ. P. 26, 33(b)(1), 34(b)(E) and Rule 37(a)(4) by simply refusing to answer." (Motion at 10:27-11:2.) Plaintiff has not met his burden of informing the court why each of the disputed Responses is deficient. Therefore, Plaintiff's motion for the court to deem Defendants' disputed Responses a "failure to respond" shall be denied.

### V. MOTION FOR SANCTIONS

Plaintiff requests the imposition of monetary sanctions in the amount of $500.00 upon Defendants, as reimbursement for his expenses in obtaining this order.

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii)

the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

Here, Plaintiff's motion to compel shall be denied by this order.  Therefore, the motion for sanctions shall also be denied.

**VI.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to compel and for sanctions, filed on September 8, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   **April 30, 2015**              /s/ Gary S. Austin
                                     UNITED STATES MAGISTRATE JUDGE