# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

JAQUES FEARANCE,

          Plaintiff,

vs.

S. HOPKINS, et al.,

          Defendants

Case No. 1:08 cv 00615 LJO GSA PC

FINDINGS AND RECOMMENDATION RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

(ECF NO. 95)

OBJECTIONS DUE IN THIRTY DAYS

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).   Pending before the Court is Defendants' motion for summary judgment.  Plaintiff has opposed the motion.[1]

---

[1] Defendants' motion for summary judgment was filed on March 30, 2015.  Along with their motion, Defendants served Plaintiff with  the summary judgment notice required by <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998), and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988)(ECF No. 95.)

1

**I.     Procedural History**

This action proceeds on the November 22, 2013, third amended complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at CSP Lancaster, brings this action against correctional officials employed by the CDCR at CCI Tehachapi.  In the third amended complaint on which this action proceeds, Plaintiff names as Defendants Lt. Hopkins, Sergeant Busby, Correctional Officer (C/O) Davis, C/O Beckett and C/O Duffy.  On January 14, 2014, an order was entered, finding that Plaintiff stated a claim against Defendants Hopkins and Busby for use of excessive force, against Defendants Hopkins, Davis, Duffy and Beckett for failure to protect Plaintiff and against Defendants Hopkins Busby, Davis, Duffy and Beckett for conspiracy to use excessive force.

Plaintiff alleges that on August 11, 2005, he was removed from his cell in restraints and placed in a holding cage.  Plaintiff alleges that, while restrained and locked in the holding cage, "all officers" subjected him to verbal abuse.  Plaintiff alleges that Lt. Hopkins "reached into the cage and assaulted me aggressively."  Plaintiff alleges that "at that time they put on gas mask and agreed to pepper spray me with restraints on still and locked up in a holding tank in a dining hall, without posing any threat to staff or anyone. J. Busby sprayed a whole can of pepper spray emptied all of its contents."  Plaintiff also alleges that Defendant Hopkins slapped him in the face several times while he was handcuffed in the holding cell.  Plaintiff claims that all five Defendants conspired to pepper spray him and that the other Defendants failed to protect him. This case therefore proceeds on five discrete claims:  The use of excessive force by Lt. Hopkins; the failure by Defendants Beckett, Davis and Duffy to protect Plaintiff from the use of force by Lt. Hopkins; the use of excessive force by C/O Busby; the failure by Defendants Beckett, Davis, Duffy and Hopkins for failure to protect Plaintiff from C/O Busby; the conspiracy by all five Defendants to subject Plaintiff to pepper spray in violation of the Eighth Amendment.

///

///

### III.    Summary Judgment

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  Under summary judgment practice, the moving party

> [always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denial of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  Rule 56(e); Matsushita, 475 U.S. at 586 n. 11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under governing law, Anderson, 477 U.S. at 248; Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1996), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Matsushita, 475 U.S. at 588; County of Tuolumne v. Sonora Community Hosp., 263 F.3d 1148, 1154 (9th Cir. 2001).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  Giles v. Gen. Motors Acceptance Corp., 494 F.3d 865, 872 (9th Cir. 2007).  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to

3

see whether there is a genuine need for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's notes on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c). The evidence of the opposing party is to be believed, <u>Anderson</u>, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. <u>Matsushita</u>, 475 U.S. at 587 (citing <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962)(per curiam)). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. <u>Richards v. Nielsen Freight Lines</u>, 602 F.Supp. 1224, 1244-45 (E.D. Cal. 1985)(aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is not 'genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (citation omitted).

**A.     Heck Bar**

Defendant Busby argues that Plaintiff's excessive force claim is barred by the Supreme Court's decisions in <u>Heck v. Humphrey</u> 512 U.S. 477, 483-87 (1994) because an award for damages would necessarily imply the invalidity of his disciplinary conviction for inmate conduct which could lead to violence pursuant to Cal. Code Regs., tit. 15 § 3005(c). Plaintiff was assessed 90 days of credit forfeiture.   Because Plaintiff's disciplinary conviction has not been invalidated and his forfeited credits have not been restored, Defendant argues that his excessive force claims are inconsistent with his disciplinary conviction, and thus, must be brought in a habeas action , not pursuant to 42 U.S.C. § 1983.

"A state prisoner cannot use a § 1983 action to challenge the 'fact or duration of his confinement,' because such an action lies at the 'core of habeas corpus.'" <u>Simpson v. Thomas</u>, 528 F.3d 685, 693 (9th Cir. 2008)(quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489 (1973)). Thus,

4

where a § 1983 action seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must first establish that the underlying sentence or conviction has already been invalidated on appeal, by a habeas petition, or terminated in his favor via some other similar proceeding.  Heck, 512 U.S. at 438-37.  This "favorable termination" rule applies to prison disciplinary proceedings, if those proceedings resulted in the loss of good-time or behavior credits.  Balisok, 520 U.S. at 646-48 (holding that claim for monetary and declaratory relief challenging validity of procedures used to deprive prisoner of good-time credits is not cognizable under § 1983); see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)(explaining that "a state prisoner's § 1983 action is barred (absent prior invalidation) no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) if success in that action would necessarily demonstrate the invalidity of confinement or its duration" (emphasis omitted)).  Stated another way, a § 1983 claim is barred if the "plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'"  Cunningham v. Gates, 312 F.3d 1148, 1153-54 (9th Cir. 2002)(citing Heck, 512 U.S. at 487 n. 6).  However, when the § 1983 claim does not necessarily implicate the underlying disciplinary action (or criminal conviction), it may proceed.  See Muhammad v. Close, 540 U.S. 749, 754-55 (2004).

Uncontroverted evidence in the record shows that after investigation and a disciplinary hearing conducted on September 15, 2005, Plaintiff was convicted of inmate conduct which could lead to violence in violation of Cal. Code Regs., tit. 15 § 3005(c), and assessed a 90 day loss of credits which have not been restored.  ( Ex. B7.)

In several cases, the Ninth Circuit has applied Heck's favorable termination requirement to consider, and sometimes preclude, excessive force claims brought pursuant to 42 U.S.C. § 1983.  For example, in Cunningham, the case upon which Defendants rely, the Ninth Circuit found § 1983 excessive force claims filed by a prisoner who was convicted of felony murder and resisting arrest were barred by Heck because his underlying conviction required proof of an "intentional provocative act" which was defined as "not in self-defense."  312 F.3d at 1152.   A

5

finding that police had used unreasonable force while effecting the plaintiff's arrest, the court held, would "call into question" the validity of factual disputes which had necessarily already been resolved in the criminal action against him.  Id.  at 1154.  However, in Smith v. City of Hemet, 394 F.3d 689 (9th Cir. 2005), the Ninth Circuit considered whether excessive force allegations of a prisoner who pled guilty to resisting arrest pursuant to Cal. Penal Code § 148(a)(1) were also barred by Heck and found that "Smith's § 1983 action was not barred . . . because the excessive force may have been employed against him subsequent to the time he engaged in the conduct that constituted the basis for his conviction."  Id. at 693.  Under such circumstances, the Ninth Circuit held Smith's § 1983 action "neither demonstrated nor necessarily implied the invalidity of his conviction."  Id.; see also Sanford v. Motts, 258 F.3d 1117, 1120 (9th Cir. 2001)("If the officer used excessive force subsequent to the time Sanford interfered with the officer's duty, success in her section 1983 claim will not invalidate her conviction.  Heck is no bar.");  Hooper v. County of San Diego, 629 F.3d 1127, 1134 (9th Cir. 2011)(holding that a conviction for resisting arrest under Cal. Penal Code § 148(a)(1) does not "bar a § 1983 claim for excessive force under Heck if the conviction and the § 1983 claim are based on different actions during 'one continuous transaction'").

Defendant's Exhibit B is a copy of Plaintiff's Rules Violation Report (RVR) and accompanying disciplinary history related to that particular RVR.  The RVR, assigned log no. 4ASH-05/08-056 and authored by Defendant Busby, establishes that the following occurred:

> On August 11, 2005, at approximately 1905 hours, while assigned to Post 344464, I was attempting to escort Inmate FEARANCE from holding cell #13 in DH 4 to facilitate a bed move. FEARANCE without provocation turned aggressively towards myself and Officer Davis while exiting the holding cell.  For mine and C/O Davis safety, I utilized my state issued MK-9 fogger I had drawn and sprayed a continuous burst at FEARANCE striking him in his face and upper torso to stop his aggressive actions. FEARANCE was overwhelmed by the effect of the OC pepper spray and I ordered him to return into the holding cell and he complied and was secured in the holding cell, decontaminated, medically cleared for re-housing and was placed in cell 8B-104 without further incident.  Upon review of this CDC-115, it has been determined that Inmate FEARANCE did not show bizarre,

6

unusual, or uncharacteristic behavior indicating a possible mental disorder and is not in one of the groups requiring a mental health assessment.  Accordingly a mental health assessment is not required at this time.  Inmate FEARANCE is aware of this report.

(Ex. B1).  The Crime Incident Report, authored by Lt. Hopkins, establishes that as Busby opened the holding cell door, Plaintiff, who was facing toward the back of the cell, "aggressively turned toward staff."  Fearing for his safety, Busby emptied his pepper spray canister, striking Plaintiff in the face and upper torso.  (Ex. C2).

Defendant Busby correctly argues that this case is not a case in which the alleged use of force was temporally or spatially distinct from the facts giving rise to the criminal conviction. Hooper, 629 F.3d at 1134.  Defendant Busby's evidence establishes that his conduct in using pepper spray on Plaintiff was inextricably tied to the events giving rise to Plaintiff's conviction. Busby's response to Plaintiff's conduct – for which Plaintiff was found guilty, and for which Plaintiff forfeited 90 days' good-time credit – was part of one continuous transaction. Cunningham, 312 F.3d at 1153-54.

In his opposition, Plaintiff does not argue that Busby's use of force was spatially or temporally distinct from the facts giving rise to the criminal conviction.  Plaintiff's declaration essentially restates the allegations of the complaint.  Plaintiff attaches as exhibits to his opposition discovery in the form of interrogatories to Defendants, along with various procedures and operational directives related to the duties of correctional staff.  Plaintiff does not, however, come forward with any evidence that establishes a triable issue of fact as to whether Defendant Busby's use of force was spatially or temporally distinct from the facts giving rise to Plaintiff's criminal conviction.  Defendant Busby's evidence establishes that the use of force was in response to Plaintiff's criminal conduct.  Judgment should therefore be entered in Defendant Busby's favor.

**B.    Conspiracy**

Defendants argue that Plaintiff's conspiracy claim against all five Defendants fails as a matter of law because it is predicated on C/O Busby's allegedly unconstitutional use of force.  A

7

conspiracy claim brought under section 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights."  Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001)(quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989)(citations omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006)(quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)).  "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin, 312 F.3d at 441(quoting United Steel Workers, 865 F.2d at 1541).

Defendants argue that Plaintiff cannot show an actual deprivation of his constitutional rights so far as Defendant Busby's application of pepper spray is concerned.  Because Busby is not liable under the favorable termination rule, Plaintiff cannot show that Busby actually deprived him of any constitutional rights by using pepper spray, and Plaintiff's conspiracy claim fails as a matter of law.  Giannini v. Real, 911 F.2d 354, 359 (9th Cir. 1990)(deprivation of federal constitutional rights is a necessary element of the alleged conspiracy).

In his opposition, Plaintiff restates his contention that Busby's conduct in using the pepper spray was not spatially and temporally distinct from the behavior for which Plaintiff was convicted.  As noted, however, Plaintiff fails to submit any evidence to support his argument. The conspiracy claim should therefore be dismissed.

**C.    Failure to Protect**

Similarly, Defendants argue that Plaintiff's failure to protect claim fails because it is derivative of Busby's application of pepper spray.  Plaintiff specifically alleged that Defendants Hopkins, Davis, Duffy and Beckett failed to protect Plaintiff from Busby's use of pepper spray.

A prison official may be liable under 42 U.S.C. § 1983 if he is aware that a fellow officer is violating a prisoner's constitutional rights but fails to intervene.  Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000)("[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen."); see also Gaudreault v. Municipality of Salem, 923 F.2d, 203, 207 n. 3 (1st Cir. 1990)("An officer who is present at the

scene who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable under section 1983 for his nonfeasance.").

Because Plaintiff's excessive force claim against C/O Busby is foreclosed by Heck, Plaintiff cannot prove a violation of his constitutional rights as a result of Busby's conduct, and thus, his failure to protect claim against Defendants Beckett, Davis, Duffy and Hopkins fails as a matter of law, as the claim is derivative of Busby's application of the pepper spray.

In his opposition, Plaintiff restates his contention that Busby's conduct in using the pepper spray was not spatially and temporally distinct from the behavior for which Plaintiff was convicted. As noted, however, Plaintiff fails to submit any evidence to support his argument. The failure to protect claim regarding Busby's use of pepper spray should therefore be dismissed. Plaintiff's failure to protect claim against Defendants Beckett, Davis and Duffy survive, as they relate to Hopkins' alleged use of excessive force.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's excessive force claim against Defendant Busby be dismissed;

2. Plaintiff's failure to protect claim against Defendants Hopkins, Davis, Duffy and Beckett relating to Busby's use of pepper spray be dismissed;

3. Plaintiff's conspiracy claim against all five Defendants be dismissed; and

4. This action proceed against Defendant Hopkins for excessive force and against Defendants Beckett, Davis and Duffy for failure to protect Plaintiff from Defendant Hopkins' use of force.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(1)(B). Within thirty days after being served with these findings and recommendations, the parties may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections is due within ten days of the filing of objections. The parties are advised that failure to file objections within the specified

time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.2d 834 (9th Cir. 2014)(citing <u>Baxter v. Sullivan</u>, 923 F.2d 1398 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **<u>August 13, 2015</u>**

**<u>/s/ Gary S. Austin</u>**

UNITED STATES MAGISTRATE JUDGE