# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAQUES FEARENCE,<br><br>    Plaintiff,<br><br>  v.<br><br>S. HOPKINS, et al.,<br><br>    Defendants. | Case No.  1:08-cv-00615-SAB-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF NO. 112) |

    Plaintiff Fearence is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).   Pending before the Court is Plaintiff's motion for reconsideration of the October 18, 2013, order denying Plaintiff's motion of the appointment of counsel. (ECF No. 62.)

    Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003).  A reconsideration motion "should not be granted absent highly unusual circumstances.'" McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999),  cert. denied, 490 U.S. 1059 (1989).  A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bit at the apple.'"  See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2nd Cir. 1998).  "A party seeking

reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist. , 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001)(internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decisions." Id.

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence: (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. School District 1J. Multnomah County v. AC and S, Inc., 5 F3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994). In addition, there may be other highly unusual circumstances warranting reconsideration. Id.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . exist." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008)(internal quotation marks omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." Marlyn Nutraceuticals, Inc., v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009)(internal quotation marks and citations omitted), and '[a] party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation . . . of that which was already considered by the court in rendering its decision, U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield,

634 F.Supp. 646, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Pursuant to Federal Rule of Civil Procedure 60(c)(1), '[a] motion under Rule 60(b) must be made within a reasonable time . . . and no more than a year after the entry of judgment or the date of the proceeding." Plaintiff seeks reconsideration of an order entered on October 18, 2013. (ECF No. 62.)  Plaintiff's request was not made within a reasonable time, and exceeds the one year time frame in Rule 60.

Plaintiff's motion for reconsideration consists of a single paragraph, arguing that "based on new facts, Plaintiff hereby prays that this honorable court reconsider Plaintiff's motion for appointment of counsel dated and filed on 10/15/13 for his pre-trial and trial hearings in the interest of justice." (ECF No. 112 at 1:20-23.) Plaintiff does not, however, identify any new facts or circumstances that warrant reconsideration of the July 25, 2013, order. Kern-Tulare Water Dist., 634 F.Supp. at 665. Plaintiff has not shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered with reasonable diligence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief, as required by Rule 60. The gravamen of Plaintiff's motion is that now that his case is scheduled for trial, reconsideration of the denial of counsel is appropriate. That this case is now scheduled for trial does not constitute new facts or circumstances within the meaning of Rule 60. For the reasons stated above, this is insufficient to warrant reconsideration of the order denying Plaintiff's motion for the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration of the October 18, 2013, order denying Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated:  **December 11, 2015**

UNITED STATES MAGISTRATE JUDGE

3