# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUES FEARENCE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. HOPKINS, et al.,<br><br>　　　　　Defendant. | Case No.  1:08-cv-00615-SAB-PC<br><br>PRETRIAL ORDER<br><br>***Motion <u>In</u> <u>Limine</u> Deadlines:***<br>　Filing:　　　March 1, 2016<br>　Response:　March 15, 2016<br>　Hearing:　　March 28, 2016, at 3:00 p.m. in<br>　　　　　　　Courtroom 9 (SAB)<br><br>***Trial Date:***<br>　April 5, 2016, at 8:30 a.m. in Courtroom 9<br>　(SAB) (2-3 days) |

This Court conducted a telephonic pretrial conference hearing on February 16, 2016. Plaintiff Jacques Fearence appeared pro se and Defendants  Hopkins, Duffy, Busby, Beckett and Davis appeared by counsel David Carrasco and Andrew Whisnand.  Pursuant to Federal Rule of Civil Procedure 16(e) and Local Rule 283, the Court issues this final pretrial order.

This action is proceeding against Defendant Hopkins for excessive force and against Defendants Busby, Davis, Beckett and Duffy for failure to intervene, in violation of the Eighth Amendment.

## I.　　JURISDICTION AND VENUE

This Court has jurisdiction and venue is proper.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331.  Venue is proper because the conduct alleged occurred in

this judicial district.  28 U.S.C. § 1391.

## II.    TRIAL

Trial will begin on April 5, 2016, at 8:30 a.m. before United States Magistrate Judge Stanley A. Boone in Courtroom 9 (SAB).  The trial will be trial by jury.  Defendant estimates a two to three - day jury trial.  Plaintiff does not provide an estimate. The Court will instruct the jury that the trail will be 2 to 3 days.

## III.    FACTS AND EVIDENTIARY ISSUES

### A.    Undisputed Facts

**Plaintiff contends that the following facts are undisputed:**

1.    At all times relevant to this action, Plaintiff was a state inmate in the custody of the CDCR at California Correctional Institution (CCI) Tehachapi, California.

2.    At all times relevant to this action, Defendants were employed by CDCR at CCI in the following capacities: Davis (Correctional Officer); Duffy (Correctional Officer);  Busby (Correctional Officer);   Hopkins (Correctional Lieutenant); Beckett (Correctional Sergeant).

3.    On August 11, 2005, Plaintiff was placed in a temporary holding cell (Dining Hall 4, Holding Cell 13) in the course of a housing reassignment.

4.    Plaintiff wore mechanical restraints on his wrists and ankles while in the holding cell.

**Defendants contend that the following facts are undisputed:**

1.    At all times relevant, Plaintiff was a state prisoner in the custody of the CDCR incarcerated at CCI Tehachapi.

2.    At all times relevant, Defendants were employed at CCI as follows: Davis (Correctional Officer); Duffy (Correctional Officer); Busby (Correctional Officer);  Hopkins (Correctional Lieutenant); Beckett (Correctional Sergeant).

3.    On August 11, 2005, Plaintiff was placed in a temporary holding cell (Dining Hall 4, Holding Cell 13) in the course of a housing reassignment.

4.    Plaintiff wore mechanical restraints on his wrists and ankles while in the holding cell.

**B.    Disputed Facts**

**Plaintiff contends the following facts are disputed:**

1.    Whether Defendant Hopkins threw water on Plaintiff and slapped him while he was in the holding cell.

2.    Whether Defendants Davis, Duffy, Busby, and Beckett failed to intervene when Defendant Hopkins allegedly threw water on Plaintiff and slapped him.

3.    The extent of Plaintiff's injuries, if any, resulting from the August 11, 2005, incident.

**Defendants contend the following facts are disputed:**

1.    Whether Defendant Hopkins threw water on Plaintiff and slapped him while he was in the holding cell.

2.    Whether Defendants Davis, Duffy, Busby, and Beckett failed to intervene when Defendant Hopkins allegedly threw water on Plaintiff and slapped him.

3.    The extent of Plaintiff's injuries, if any, resulting from the August 11, 2005, incident.

**C.    Disputed Evidentiary Issues**

**Defendants raise the following disputed evidentiary issues:**

1.    Evidence should be excluded when it lacks relevance, consists of hearsay, is mere opinion, has not been authenticated, or when its probative value is substantially outweighed by the danger of unfair prejudice, confusion or needless delay.  Fed R. Evid. 402, 403, 602, 701, 802, 901(b).

2.    Should Plaintiff or any other incarcerated witness testify, Defendants will seek to impeach such witnesses by presenting evidence of prior felony convictions, pursuant to Federal Rule of Evidence 609.  Fed. R. Evid. 609; see U.S. v. Bernal-Obeso, 989 F.2d 331, 336 (9th Cir. 1993)("As any trial lawyer knows, felony convictions trench heavily upon such a person's credibility").  The verdict will heavily depend on witness credibility.  Therefore, Defendants

should be permitted to question Plaintiff or any other inmate-witness about their prior felony convictions.  Defendants will also contest the admissibility of any written statements of inmate-witnesses including, but not limited to, any declarations or affidavits.

3.      Defendants will contest any improper opinion testimony offered by Plaintiff, such as testimony concerning a medical diagnosis of a physical or psychological condition Fed. R. Evid. 701-702.

## IV.      SPECIAL FACTUAL INFORMATION

**Defendant's Special Factual Information:**

a.      Plaintiff alleges that Defendant Hopkins threw water on him and slapped him on August 11, 2005, and that Defendants Busby, Davis, Duffy, and Beckett failed to intervene, but he suffered no harm from these alleged actions.  The doctrines of strict liability and res ipsa loquitur do not apply in this case.

b.      Plaintiff is a thirty five year old male in the custody of the CDCR, and is currently housed at California State Prison Los Angeles County in Lancaster, California. At the time of the incident, Plaintiff was twenty five years old and was housed at CCI in Tehachapi, California.  Plaintiff is serving a prison sentence of twenty five years to life, imposed on September 22, 2004.  Due to his incarceration, Plaintiff has no viable claims for lost wages or earning capacity.  Any medical treatment Plaintiff received following this incident was provided by Defendant's employer, the CDCR.

## V.      RELIEF SOUGHT

Plaintiff seeks the following relief: a declaration that Defendants violated his rights; an injunction ordering Defendants to expunge his disciplinary record stemming from the events at issue in the third amended complaint; compensatory damages in the amount of $5,000 against each Defendant; punitive damages in the amount of $5,000 against each Defendant; and any other relief this Court deems proper. (ECF No. 65 at 3.4.)

Defendants pray for a judgment in their favor, with Plaintiff taking nothing, and an award of attorney's fees and costs.

## VI.     POINTS OF LAW

**Defendants raise the following points of law:**

### A.  Eighth Amendment - Excessive Force

The potential liability of the Defendants is measured by the standard articulated by the Supreme Court in Hudson v. McMillan, 501 U.S. 1, 9 (1992).  The Eighth Amendment protects inmates from cruel and unusual punishment.  In the excessive force context, the United States Supreme Court has stated that the Eighth Amendment is only violated when a correctional officer employs force "maliciously and sadistically for the very purpose of causing harm." Hudson, 501 U.S. at 9; see also Meredith v. Arizona, 523 F.2d 481, 483 (9th Cir. 1975); Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973).  Furthermore, prison officials are to be accorded "wide-ranging deference" as they "must make their decisions 'in haste, under pressure, and frequently without the luxury of a second chance.'"  Hudson, 501 U.S. at 6.  This is so because "prison officials are authorized and indeed required to take appropriate measures to maintain prison order and discipline and protect staff and other prisoners from such violent behavior" when inmates become disruptive.  LeMaire v. Maass, 12 F.3d 1444, 1458 (9th Cir. 1993).

When prison officials are accused of using excessive force on an inmate in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson, 501 U.S. at 4.  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."  Meredith v. Arizona, 523 F.2d at 483 (9th Cir. 1975).  In determining whether force was wanton and unnecessary, the Court may properly consider such factors as:  1) the extent of the inmate's injury; 2) the need for the use of force; 3) the relationship between the need for force and the amount of force used; 4) the threat reasonably perceived by the officers; and 5) any efforts the officers made to temper the severity of the forceful response.  Hudson, 501 U.S. at 7; Whitley v. Albers, 475 U.S. 312, 321 (1986).

### B.     Eighth Amendment – Failure to Intervene

A prisoner's rights can be violated by a prison official's deliberate indifference in failing to intervene.  Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).  Prison officials are

required "to take reasonable steps to protect inmates from physical abuse."  Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982).  To state a claim, Plaintiff must show that Defendants acted with deliberate indifference.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010)(citations omitted).  Deliberate indifference requires a showing that "prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety and that there was no 'reasonable justification for the deprivation, in spite of that risk.'"  Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  Additionally, an officer an only be held liable for failing to intercede if he had a realistic opportunity to intercede and failed to do so.  Cunningham v. Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000).

### C.      Type and Extent of Injury Required

Under the Prison Litigation Reform Act (PLRA), Plaintiff must show that he suffered a physical injury to recover damages for emotional or mental injury.  42 U.S.C. § 1997e(e)("no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.")  Absent a physical injury, damages for emotional or mental injuries are unrecoverable.  Id.

Only extreme deprivations rise to the level of a constitutional violation.  The existence of an injury that a reasonable doctor or patient would find worthy of treatment, the presence of a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain are recognized examples of conditions that rise to the level of an objectively serious deprivation or injury under the Eighth Amendment.  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1991).  Minor cuts and bruises do not constitute serious injury.  Hill v. Dekalb Youth Detention Center, 40 F.3d 1176, 1188 (11th Cir. 1994).  Likewise, "verbal harassment generally does not violate the Eighth Amendment."  Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996).

Plaintiff must show more than a de minimis injury.  "[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action."  Wilkins v. Gaddy, 559 U.S. 34, 37 (2010)(quoting Hudson, 503 U.S. at 9).  The Eighth Amendment's prohibition of cruel and

1  unusual punishment "necessarily excludes from constitutional recognition de minimis uses of

2  physical force, provided that the use of force is not of a sort repugnant to the conscience of

3  mankind." Id. at 37-38.  "An inmate who complains of a push or shove that causes no

4  discernible injury almost certainly fails to state a valid excessive force claim." Id. at 38.  In the

5  excessive force context, "the extent of injury may also provide some indication of the amount of

6  force applied." Id.

7       A slap does not rise to the level of an Eighth Amendment violation. See Anthony v.

8  Shackmann, No. 07-CV-698-HU, 2009 WL 1065071, at*1 (D. Or. Apr. 17, 2009)(holding that

9  officer's "slapping of [the inmate] was a de minimis use of force and, therefore, . . . did not

10  violate [the inmate's] rights under the Eighth Amendment"), aff'd in part, vacated in part on

11  other grounds, and remanded sub nom by Anthony v. Schackmann,, 402 F. App'x 207, 208 (9th

12  Cir. 2010)("Summary judgment on qualified immunity grounds was proper as to excessive force

13  claim because, even construing the facts in his favor, defendant['s unprovoked, single slap

14  constituted only de minimis force . . . . "); see also Afeworki v. Thompson, No. C06-628 P, 2007

15  WL 1751120, at *7 (W.D. Wash. June 13, 2007)(citing several out of circuit cases that hold that

16  a slap or slaps "constitutes a 'de minimis' use of force under Hudson and does not give rise to a

17  constitutional violation."); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997)(holding that

18  an inmate's bruised ear, resulting from an officer twisting it, was de minimis and not actionable

19  under the Eighth Amendment).

20      **D.**    **Qualified Immunity**

21       If one or more of the Defendants are found liable to Plaintiff, they are entitled to

22  consideration of the defense of qualified immunity.  For the purpose of qualified immunity, the

23  court must consider whether the infringed right was clearly established, and "if a reasonable

24  officer could have believed, in light of the clearly established law, that his conduct was lawful."

25  Saucier v. Katz, 533 U.S. 194, 199, 201-02 (2001).  More recently, in Pearson v. Callahan, 555

26  U.S. 223 (2009), the Court held that the first step of the test established in Saucier may be

27  bypassed to facilitate proper qualified immunity analysis.  Id. at 236.  Therefore, if the conduct

28

1  of the government official is inherently reasonable, the Court may extend qualified immunity to

2  a government official without first ruling on the constitutionality of the official's conduct.  Id.

3       **E.**    **Punitive Damages**

4       Plaintiff must prove more than a violation of his Eighth Amendment right to recover

5  punitive damages.  In a § 1983 action, punitive damages are recoverable only if the defendants

6  intended to violate federal law, or acted in a reckless or callous disregard of plaintiff's federally

7  protected rights.  Smith v. Wade, 461 U.S. 30, 51 (1983).  It is not enough that defendants may

8  have acted in an objectively unreasonable manner; their subjective state of mind must be

9  assessed.  Wulf v. City of Wichita, 883 F.2d 842, 867 (10th Cir. 1989).  Where there is no

10  evidence that a Section 1983 defendant has acted with evil intent, there is no legal right to

11  punitive damages.  Ward v. City of San Jose, 967 F.2d 280, 286 (9th Cir. 1991).

12       **F.**    **Impeachment By Evidence of Prior Felony Convictions**

13       The verdict in this case will be decided by the jury after consideration of each witness's

14  credibility.  In order to meet his burden of proof at trial, Johnson is expected to testify to his

15  version of the events that occurred and to the basis for his belief that his constitutional rights

16  were violated.  Rule 609 of the Federal Rules of Civil Procedure provides that evidence of a

17  witness's prior conviction of a felony may be used to impeach that witness's testimony.

18  Additionally, any of Plaintiff's incarcerated witnesses who testify are also subject to

19  impeachment under Rule 609.

20       Further, evidence that a witness has been convicted of any crime which involves an act of

21  dishonesty or a false statement is admissible regardless of the balancing test under Federal Rule

22  of Civil Procedure 403.  Fed. R. Evid. 609(a)(2).  Thus, Defendants will seek to impeach

23  Plaintiff's trial testimony using any prior convictions involving dishonesty, such as crimes of

24  fraud, false statement, and forgery.

25       **VII.**    **STIPULATIONS**

26       Defendants request a stipulation as to the authenticity of Plaintiff's prison central file and

27  medical file.  Defendants stipulate that the parties need not introduce evidence to prove any

28  undisputed fact as set forth above.

## VIII.   AMENDMENTS/DISMISSALS

Defendant does not request any amendments to the pleadings, or additions or substitution of parties.  The Court clarifies that Plaintiff is proceeding on a failure to protect claim against Defendant Busby.

## IX.   SETTLEMENT NEGOTIATIONS

Defendants do not believe that settlement negotiations or a court settlement conference would be helpful.

## X.   AGREED STATEMENT

None.

## XI.   SEPARATE TRIAL OF ISSUES

To the extent that Plaintiff claims punitive damages at trial, Defendants request bifurcation on the issue of punitive damages.  Defendants request that no evidence concerning their financial status be admitted unless and until after the finder of fact determines that punitive damages are warranted in this case.  Bifurcation should be granted under Federal Rules of Civil Procedure 42(b) because it will expedite and economize the matter.  Should Defendants prevail on liability, no trial on punitive damages will be necessary.  Should the jury determine that punitive damages are appropriate, Defendants request a separate trial on the amount of punitive damages.

Federal Rule of Civil Procedure 42(b) provides that "for convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues." Fed. R. Civ. P. 42(b).  Under Rule 42(b), bifurcation of a trial into liability and damages phases may be appropriate where doing so would be economical and efficient, and where there is little overlap in the evidence that would be presented at each phase.  Arthur Young & Co. v. U.S. Dist. Court (Kaufmann, 549 F.2d 686, 697 (9th Cir. 1979).

Whether to bifurcate a decision is reserved to the trial court's "sound discretion." See Cravens v. County of Wood, Ohio, 856 F.2d 753, 755 (6th Cir. 1988); Davis & Cox v. Summa Corp., 751 F.2d 1057, 1517 (9th Cir. 1985).  In exercising this discretion, a court should consider such factors as the "potential prejudice to the parties, potential confusion to the jury, and the

1  relative convenience and economy which could result." <u>Cravens</u>, 856 F.2d at 755 (quotation

2  omitted); <u>see also</u> <u>Bates v. UPS</u>, 204 F.R.D. 404, 488 (N.D. Cal. 2001)(factors include "avoiding

3  prejudice, separability of the issues, convenience, judicial economy, and reducing risk of

4  confusion").   "A decision ordering bifurcation is dependent on the facts and circumstances of

5  each case." <u>Saxio v. Titan-C-Manufacturing</u>, 86 F.3d 553, 556 (6th Cir. 1996).

6          Under federal law, Defendants bear the burden of proving financial worth when arguing

7  in mitigation of damages.  <u>Davis v. Mason County</u>, 927 F.2d 1473, 1485 (9th Cir. 1991)(refusing

8  to consider challenge to punitive damages on ground that defendants could not pay where no

9  evidence of net worth was offered to the jury); <u>Tri-Ton v. Velto</u>, 525 F.2d 432, 438 (9th Cir.

10  1975)(refusing to interfere with award that was not outrageously disproportionate to

11  circumstances when appellants offered no evidence of financial worth).   But it is patently unfair

12  to require a defendants to choose between divulging his personal assets to an inmate and

13  properly defending himself from an unfair award of punitive damages in this action.   Punitive

14  damages involve intrusive questions, which are intensified in the prison context.   Prisoners and

15  prison staff are strictly prohibited from familiarity between each other for obvious reasons.  <u>See</u>

16  Cal. Code Regs. tit. 15, § 3400.   An inmate's access to staff's personal and confidential

17  information could lead to harassment and potential safety and security concerns for the staff

18  members involved.   To protect this interest, Defendants should be permitted to reserve their

19  testimony as to net financial worth until after any entitlement to punitive damages has been

20  established.   Defendants' counsel anticipates that less than five minutes of additional testimony

21  would be required to present this information to the jury, should this request be granted.   And if

22  Plaintiff fails to establish that punitive damages are warranted, this additional testimony would

23  be unnecessary, thus shortening the length of trial and protecting Defendants' private

24  information from disclosure to an inmate.   For these reasons, Defendants request that the Court

25  bifurcate the issue of punitive damages, if the Court determines they are at issue, from the rest of

26  the trial.

27  ///

28  ///

## XII.   IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

Defendants indicated that the appointment of an impartial expert, or limitation on the number of experts is not necessary or advisable.

## XIII.   PRE TRIAL FILING DEADLINES

### A.  Motions **In Limine** and Hearing.

Any party may file a motion in limine, which is a procedural mechanism to limit in advance testimony or evidence in a particular area.  United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009).  In the case of a jury trial, the Court's ruling gives Plaintiff and Defendants' counsel advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the jury.  Id. at 1111-1112.  Although the Federal Rules do not explicitly provide for the filing of motions in limine, the Court has the inherent power to hear and decide such motions as a function of its duty to expeditiously manage trials by eliminating evidence that is clearly inadmissible for any purpose.  Luce v. United States, 469 U.S. 38, 41 n.4 (1984).

This Court further orders the parties to file motions in limine only with respect to important, critical issues.  Motions in limine on abstract evidentiary issues or issues more appropriately addressed by the Court on a case-by-case basis (such as a motion in limine to exclude all irrelevant evidence) will be looked upon with disfavor.  After satisfying the forgoing, if a motion in limine still seeks to address the admissibility of a particular trial exhibit, the exhibit in question must be referenced by the trial exhibit number so that the court can review the actual exhibit for admissibility.  If the exhibit sought to be admitted would not be in the court's possession one week prior to the motion in limine hearing, then the exhibit in question must be included in the motion.   Failure to properly reference or attach an exhibit in the motion will result in the request being denied.

The parties shall not file separate motions in limine for every issue presented to the Court.  Rather, each party may file one consolidated motion in limine which is subdivided into separate sections for each issue setting for the legal authority and analysis.  The responding party shall file one opposition in response addressing each motion in limine issue in a separate section.

As set forth in the Trial Scheduling Order (ECF No. 110), the deadline for service and filing of motions in limine is **March 1, 2016**.  The deadline for service and filing of an opposition, if any, **March 15, 2016**.  A telephonic motions in limine hearing will be held on **March 22, 2016, at 2:00 p.m.** in Courtroom Nine, before the undersigned. Counsel for defendants is directed to arrange for telephone contact with Plaintiff and to contact the Courtroom Deputy, Mamie Hernandez, at (559) 499-5672, prior to the hearing date, to receive instructions regarding the conference call.  The parties are directed to the Court previous order regarding the format and scope of the motion in limine and such motion and opposition shall conform to those requirements.

**B.     Trial Witnesses:**

No later than **March 29, 2016**, each party shall file and serve a final witness list, including the name of each witness and omitting witnesses listed in the joint pretrial statement which the parties no longer intend to call.  **Only witnesses who are listed in this pretrial order may appear on the final witness list**.  **The parties may not call any witness that is not on the final witness list unless (1) it is <u>solely</u> for impeachment or rebuttal purposes, (2) the parties stipulate, (3) additional witnesses are required in light of the Court's ruling on a motion <u>in limine</u>[1], or (4) it is necessary to prevent "manifest injustice."**  Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

During trial, the parties' are obligated to provide the opposing party, by the close of the prior business day, the names of the witnesses the party intends to call on the next trial day.  If evidentiary problems are anticipated, the parties' shall immediately notify the Court that a hearing will be required.

The following is a list of witnesses that the parties expect to call at trial:

---

[1] Any party seeking to add additional witnesses beyond those named in the final witness list in light of the Court's ruling on a motion <u>in limine</u> must file a notice with the Court within two (2) days after the Court's order on the motion <u>in limine</u>.

1.     <u>Plaintiff Anticipates Calling the Following Witness</u>:

       Plaintiff Jaques Fearence.

2.     <u>Defendants Anticipate Calling the Following Witnesses</u>:

a.     Defendant T. Davis

b.     Defendant D. Duffy

c.     Defendant S. Hopkins

d.     Defendant J. Busby

e.     Defendant J. Beckett

f.     Custodian of Records for Plaintiff's CDCR Central File ("C-File")

g.     Custodian of Records for Plaintiff's Electronic Unit Health Records ("eUHR")

       Although the custodians of Plaintiff's C-File and eUHR will be available to testify at trial, to avoid undue expense, and absent any dispute about the authenticity of documents to be presented, Defendants request that the custodians be permitted to authenticate the documents via declaration.

3.     <u>Expert Witnesses Who Will Testify</u>

       None.

       **The parties are forewarned that <u>every</u> witness they intend to call must appear on their own witness list.  The mere fact that a witness appears on the opposing party's witness list is not a guarantee that the witness will be called at trial or otherwise be available for questioning by other parties.  Each party must undertake independent efforts to secure the attendance of <u>every</u> witness they intend to call at trial.**

    **C.**     **Exhibits**

    As noted below, no later than **March 15, 2016**, the parties shall file and serve their final exhibit list and pre-marked exhibits.

    1.     <u>Pre-Marked Exhibits</u>:

    All exhibits must be pre-marked with an exhibit sticker or other legible

numbering/lettering by the party who seeks to use it.  If the individual exhibit includes multiple pages and is not easily identified as to each page (i.e., Bates stamp numbering), then the exhibit must be page numbered.  This requirement that exhibits be pre-marked applies both to evidence that will be formally admitted into evidence as well as any other exhibits that will be presented in any manner during trial, such as "demonstrative" evidence.  Each individual "original" exhibit that will be submitted to the jury must be stapled/fastened so that the exhibit does not become separated.  Further, exhibits submitted to the jury must be pre-marked on the front page <u>only</u> in the manner described above.  Impeachment or rebuttal evidence need not be pre-marked.

     **a.**    **Joint Exhibits**:  Joint exhibits are those exhibits which all parties agree may be admitted into evidence without the need for laying a proper foundation under the Federal Rules of Evidence.  Joint exhibits must be pre-marked with the designation "J-[Number]" (e.g., J-1, J-2).  Those exhibits may be introduced at any time during the course of the trial.  However, unless the parties agree otherwise on the record, joint exhibits are not "automatically" admitted into evidence: at least one of the parties must admit a joint exhibit into evidence.  If an exhibit is not admitted by any party, the exhibit will not be given to the jury despite its "joint" designation as an exhibit.

     **b.**    **Plaintiff's Exhibits**:  Plaintiff's exhibits must be pre-marked using **numbers** beginning with 1 (e.g., 1, 2, etc).  The Plaintiff must pre-mark his exhibits before they are provided to the Defendant(s).

     **c.**    **Defendant's Exhibits**:  Defendant's exhibits must be pre-marked using **letters** beginning with A (e.g., A, B, C...AA, BB, CC...AAA, BBB, CCC, etc.).

    2.   <u>Exchange and Filing of Exhibits List and Exhibits</u>

No later than **March 1, 2016** the parties shall exchange their proposed exhibits.  No later than **March 15, 2016**, the parties shall file and serve their final exhibit list and pre-marked exhibits.

Each party shall submit three (3) complete, legible and identical sets of exhibits in binders on or about **March 15, 2016**. Within the binders, the pre-marked exhibits must be separately tabbed and assembled in sequential order. The binders shall be delivered as follows:

    a.    **Two (2) binder sets** shall be delivered to Courtroom Clerk Mamie Hernandez (one for use by the Court and one for use at the witness stand); and

    b.    **One binder set** shall be provided for opposing counsel's use.

    3.    <u>Exhibits</u>

The following is a list of documents or other exhibits that the parties expect to offer at trial. As set forth above, exhibits must be pre-marked. <u>See</u> discussion, <u>supra</u>, Part XIII.C.1. No exhibit, other than those listed in this section, may be admitted unless the parties stipulate or upon a showing that this order should be modified to prevent "manifest injustice." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

    **a.**    **Plaintiff's Exhibits**

    i.    All exhibits in the third amended complaint

    ii.    Plaintiff indicates that he would like to introduce his deposition transcript "as soon as the Defendants provide a copy to him, and would like to introduce request of admissions, production of documents, and interrogatories"

    **b.**    **Defendants' Exhibits**

    i.    Affidavit of Custodian of Records of Plaintiff's C-File records with CDCR, dated January 11, 2016, including the following records:

        a.    Abstract of Judgment, Superior Court of California, County of Los Angeles, No. NA060375, dated September 22, 2004, for two felony Convictions on July 12, 2004.

        b.    CDCR Form 7219, Medical Report of Injury or Unusual Occurrence, dated August 11, 2005.

        c.    CDC Form 115, Rules Violation Report, dated August 11, 2005.

    ii.    Photographs of Dining Hall 4, Holding Cell 13, at CCI.

    iii.    Affidavit of Custodian of Record of Plaintiff's eUHR records, dated January 25,

2016, including the following records:

    a.  CDCR Form 7230, Interdisciplinary Progress Notes, dated August 11, 2015.

    b.  CDCR Form 7362, Health Care Services Request Form, dated September 16, 2015.

    c.  Encounter Form: Inflammatory Skin Condition, dated September 16, 2015.

Defendants reserve the right to introduce documents not listed above for purposes of impeachment or rebuttal, including but not limited to, abstracts of judgments of Plaintiff's inmate witnesses.  Defendants further reserve the right to introduce any documents not listed by Plaintiff.

The Court will address objections to exhibits as they arise during trial.  If the parties intend to use copies of exhibits or evidence at trial, those copies must be legible.  The Court may, on its own motion, exclude illegible copies from evidence.

    4.    <u>Responses to Discovery Requests</u>

The parties may admit responses to discovery requests[2] into evidence.  The parties shall file and serve a list of all responses to discovery requests intended to be used at trial no later than **March 15, 2016**.  The list shall identify the responses to discovery requests by title and set number.

If a party seeks to admit a physical copy of the discovery responses into evidence at trial, the discovery responses must be pre-marked as an exhibit in the same manner discussed above. <u>See</u> discussion, <u>supra</u>, Part XIII.C.1.  Alternatively, if the party intends to read relevant portions of the discovery responses into evidence, a copy of the discovery responses must be lodged with the Court no later than **March 15, 2016**.  The Court will address objections to discovery responses as they arise during trial.

Even though discovery is closed, all parties are reminded of their continuing obligation to update their prior discovery responses if they obtain new information or is otherwise made aware that a prior discovery response is incomplete or incorrect.  Fed. R. Civ. P. 26(e)(1).

---

[2] Responses to discovery requests include responses to depositions by written questions (Fed. R. Civ. P. 31), interrogatories (Fed. R. Civ. P. 33) and requests for admissions (Fed. R. Civ. P. 36).

**If a party attempts to admit or use for any purpose evidence that (1) was not previously disclosed during discovery and (2) was not previously filed and exchanged as an exhibit as required under section XIII, C(2), detailed above, the Court will prohibit that party from admitting or using for any purpose that evidence at trial, unless the failure was substantially justified or was harmless.  See Fed. R. Civ. P. 37(c)(1).**

       5.    Deposition Testimony

Deposition testimony shall be designated by page and line number, with such designation to be **filed and served no later than March 22, 2016.**  Any counter-designation as to the same designation (also set out by page and line number) shall be **filed and served no later than March 29, 2016.**  The original certified transcript of any deposition identified in a designated or counter-designation shall be lodged with the clerk's office **no later than March 29, 2016**, if not previously lodged with the Court.

If any party intends to admit relevant portions of deposition testimony into evidence, the relevant deposition testimony must be pre-marked as an exhibit in the same manner discussed above.  See discussion, supra, Part XIII.C.1.  However, any party may request that deposition testimony offered for any purpose other than impeachment be presented in nontranscript form, if available.  See Fed. R. Civ. P. 32(c).

The Court will address objections to deposition testimony as they arise during trial.

       6.    Duty of the Parties' Counsel

The Court respects the jury's time and expects issues that must be presented outside the jury's presence to be raised such that the jury's service is not unnecessarily protracted.  To the extent possible, the parties shall raise issues that must be presented to the Court outside of the jury's presence (1) in the morning before the jury sits, (2) during breaks, (3) in the afternoon after the jury is excused or (4) during any other appropriate time that does not inconvenience the jury.  For example, if evidentiary problems can be anticipated, the parties should raise the issue with the Court before the jury sits so that there is no delay associated with specially excusing the jury.  Issues raised for the first time while the jury is sitting when the issue could have been raised earlier will be looked upon with disfavor and counsel may be sanctioned for any fees,

1  costs or other expenses caused by their failure to raise the issue at a more convenient time.

2       7.   Post-Trial Exhibit Retention

3       Pursuant to Local Rule 138(f), the Court will order that custody of all exhibits used,

4  referenced and/or admitted at trial be returned to the party who initially marked the exhibit,

5  irrespective of who used, referenced or admitted the exhibit at trial.  The parties shall retrieve the

6  original exhibits from the Courtroom Deputy following the verdict in the case.  Joint exhibits

7  will be returned to Plaintiff unless otherwise agreed to by the parties in writing or on the record.

8  If a party wishes another method for exhibit retention, then such alternative method must be

9  raised prior to the return of the exhibits.

10      **D.   Trial Briefs**

11      Trial briefs are not required in this case.  However, if the parties chose the file a trial

12  brief, it  shall be filed and served no later than **March 22, 2016**.[3]  The form and content of the

13  trial brief must comply with Local Rule 285.  Special attention should be given in the trial brief

14  to address reasonably anticipated disputes concerning the substantive law, jury instructions

15  and/or admissibility of evidence.  Local Rule 285(a)(3).  The parties need not include in the trial

16  brief any issue that is adequately addressed in a motion <u>in</u> <u>limine</u> or in an opposition brief to a

17  motion <u>in</u> <u>limine</u>.

18      **E.   Jury Instructions**

19      The parties shall filed proposed jury instructions as provided in Local Rule 163 on or

20  before than **March 22, 2016**, The parties are only required to file proposed jury instructions

21  relating to the substantive law underlying this action. All proposed jury instructions shall (1)

22  indicate the party submitting the instruction (i.e., joint/agreed-on, Plaintiff's or Defendants'), (2)

23  be numbered sequentially, (3) include a brief title for the instruction describing the subject

24  matter, (4) include the text of the instruction, and (5) cite the legal authority supporting the

25  instruction. If the proposed jury instruction is based on the Ninth Circuit Model Jury Instructions,

26  CACI, BAJI or other source of jury instructions, the proposed jury instruction shall also include

27  a citation to that specific instruction. All proposed jury instructions shall be e-mailed in Word®

28  _____
[3] The deadline set for trial briefs set in this order shall supersede the deadline set in Local Rule 285(a).

format to saborders@caed.uscourts.gov no later than **March 22, 2016**, Jury Instructions will not be given or used unless they are so e-mailed to the Court.

The Court will not accept a mere list of numbers associated with form instructions from the Ninth Circuit Model Jury Instructions, CACI, BAJI or other source of jury instructions. The proposed jury instructions must be in the form and sequence which the parties desire to be given to the jury. Any blank fields in the form instructions must be filled-in before they are submitted to the Court. Irrelevant or unnecessary portions of form instructions must be omitted. Ninth Circuit Model Jury Instructions shall be used where the subject of the instruction is covered by a model instruction. Otherwise CACI or BAJI instructions shall be used where the subject of the instruction is covered by CACI or BAJI. All instructions shall be short, concise, understandable, and consist of neutral and accurate statements of the law. Argumentative or formula instructions will not be considered.

If any party proposes a jury instruction that departs from the language used in the Ninth Circuit Model Jury Instructions, CACI, BAJI or other source of jury instructions, that party shall, by italics or underlining, highlight the differences in language and must cite the legal authority supporting the modification.

No later than **March 29, 2016**, the parties shall file and serve written objections to any disputed jury instructions proposed by another party. All objections shall be in writing and (1) shall set forth the proposed instruction objected to in its entirety, (2) shall specifically set forth the objectionable matter in the proposed instruction, and (3) shall include a citation to legal authority to explain the grounds for the objection and why the instruction is improper. A concise argument concerning the instruction may be included. Where applicable, the objecting party shall submit an alternative proposed instruction covering the subject or issue of law.

### F.    Proposed Verdict Form

The Court will prepare the verdict form, which the parties will have the opportunity to review on the morning of trial. If the parties wish to submit a proposed verdict form, they must do so on or before **March 22, 2016.**  Defense counsel's proposed verdict form shall also be e-mailed as a Word® attachment to saborders@caed.uscourts.gov no later than **March 22, 2016.**

### G.    Proposed Jury <u>Voir</u> <u>Dire</u>

Proposed <u>voir</u> <u>dire</u> questions, if any, shall be filed on or before **March 22, 2016**, pursuant to Local Rule 162.1(a).  The parties each are limited to fifteen (15) minutes of jury <u>voir</u> <u>dire</u>, unless this Court determines more time is warranted.

### H.    Statement of the Case

The parties may serve and file a non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection on or before **March 22, 2016**.  The Court will consider the parties' statements but will draft its own statement. The parties will be provided with the opportunity to review the Court's prepared statement on the morning of trial.

## XIV.   ASSESSMENT OF JURY COSTS FOR FAILURE TO TIMELY NOTIFY COURT OF SETTLEMENT

The parties must immediately notify the Court of any agreement reached by the parties which resolves this litigation in whole or in part.  Local Rule 160(a).  The parties must advise the Court of settlement <u>immediately</u>, but must do so no later than 4:30 p.m. (Pacific Time) on **March 29, 2016.**  If, for any reason attributable to counsel or parties, including settlement, the Court is unable to commence a jury trial as scheduled when a panel of prospective jurors has reported for <u>voir</u> <u>dire</u>, the Court may assess against counsel or parties responsible all or part of the cost of the panel.  Local Rule 272(b).  Jury costs will include attendance fees, per diem, mileage, and parking.  If the parties request a continuance after the jury has been called, the Court may assess jury costs as a condition for the continuance.

## XV.   COMPLIANCE WITH THIS ORDER

Strict compliance with this order and its requirements is mandatory.  This Court will strictly enforce the requirements of this pretrial order, especially those pertaining to jury instructions and verdict forms.  Failure to comply with all provisions of this order may be grounds for the imposition of sanctions, including possible dismissal of this action or entry of default, on any all counsel as well as on any party who causes non-compliance with this order. This order shall be modified "only to prevent manifest injustice." Fed. R. Civ. P. 16(e).

Moreover, this order supersedes the parties' pretrial statement and controls the conduct of

further proceedings irrespective of any purported rights the parties claim to reserve in their pretrial statement.

### XVI. OBJECTIONS TO PRETRIAL ORDER

Any party may file and serve written objections to any of the provisions of this order on or before **March 1 2016.** Such objections shall specify the requested modifications, corrections, additions or deletions.

### XVII. USE OF ELECTRONIC EQUIPMENT IN COURTROOM

Any party wishing to receive an overview or tutorial of the Court's electronic equipment must contact the Courtroom Deputy Clerk Mamie Hernandez at (559) 499-5672 or mhernandez@caed.uscourts.gov at least two (2) weeks before the start of trial in order to schedule a tutorial session at a time convenient to the Court's Information Technology staff. The parties will not be provided any training on the day of or during the course of the trial.

The electronic equipment and resources available for this trial may differ from the equipment and resources available in other courtrooms and may even differ from the equipment and resources available in this courtroom at another time. It is the responsibility of the parties to familiarize themselves with the equipment and resources available for use in this trial prior to the commencement of trial. If any party is unfamiliar with the equipment and resources available for use in this trial, that party may be ordered to proceed without the aid of such equipment and resources and/or may be sanctioned for any fees, costs or expenses associated with any delay.

Depending upon Court available equipment at the time of trial, the Plaintiff may be provided with an electronic overheard projector at his trial table for purposes of showing exhibited and admitted exhibits at trial. Accordingly, Plaintiff need not request that he allowed to use electronic equipment as Plaintiff may be provided with electronic equipment if available.

### XVIII. OTHER INFORMATION

Additional information describing this Court's expectations regarding attorney conduct and decorum during all proceedings before United States Magistrate Judge Stanley A. Boone can be found at the United States District Court for the Eastern District of California's website (http://www.caed.uscourts.gov) under Judges; United States Magistrate Judge Stanley A. Boone

(SAB).   In the area entitled "Case Management Procedures," there are links to "Standard Information" and "Trial Conduct and Decorum."   All parties and counsel shall comply with the guidelines set forth therein.   However, in the event that there is a conflict between this order and the information on the Court's website, this order shall supersede the information on the Court's website.   Furthermore, additional information can be found on the Court's link including the Court's "Jury Selection Procedures" in civil juries.

IT IS SO ORDERED.

Dated:   __**February 17, 2016**__

_____
UNITED STATES MAGISTRATE JUDGE